## State Board of Medical Education and Licensure *v.* Williams, Appellant.

Argued October 6, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Benjamin R. Donolow*, with him *Louis J. Carter*, for appellant.

*Elmer T. Bolla*, Deputy Attorney General, with him *Robert E. Woodside*, Attorney General, for appellee.

OPINION BY DITHRICH, J., January 20, 1953:

The State Board of Medical Education and Licensure revoked the license of Alma E. Williams to practice naturopathy, a form of drugless therapy. Her appeal to the Court of Common Pleas of Dauphin County having been dismissed, she appeals to this Court.

On February 22, 1951, appellant was duly served with a citation to appear at a hearing before the Board to be held March 6, 1951, for the purpose of determin-

ing whether her license should be revoked under the authority of §12 of the Medical Practice Act of June 3, 1911, P. L. 639, as amended by the Act of July 19, 1935, P. L. 1329, §4, 63 PS §410, which provides in part: "The Board of Medical Education and Licensure may . . . revoke . . . the right to practice medicine and surgery in this State for any or all of the following reasons, to wit: . . . the board may so act upon satisfactory proof of grossly unethical practice, or of any form of pretense which might induce citizens to become a prey to professional exploitation."

Appellant did not appear on the day set for hearing, but by counsel requested a continuance based on illness. Upon refusal of the request appellant's counsel withdrew from further participation in the proceedings; but the Board proceeded to take testimony and make findings of fact, and concluded that "by prescribing and administering medicines, pills, tablets and capsules as drugs for treatment when in fact she had no license to prescribe and administer such drugs," she was guilty of "grossly unethical practice" and "a form of pretense which induced citizens to become a prey to her professional exploitations."

Appellant filed no exceptions to the Board's adjudication and in her appeal to the court below contended only that the adjudication was invalid under §31 of the Administrative Agency Law of June 4, 1945, P. L. 1388, 71 PS §1710.31, which provides in part: "No adjudication shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard." The learned president judge of the court below dismissed the appeal because of appellant's failure to file exceptions to the adjudication[1]

---

[1] Section 42 of the Law (71 PS §1710.42) provides, inter alia: "The procedure applicable to appeals from adjudications shall be in accordance with the rules of civil procedure promulgated from

and also because he was satisfied, after a consideration of the merits of the appeal, that §31 of the Law was complied with.

Appellant's contention that §31 of the Law was violated is predicated on the fact that the Board refused to grant a continuance. It is well settled that, where the application is addressed to a court, the granting of a continuance is a matter within the discretion of the court and its decision will not be reversed unless such discretion is abused. *Anderson v. Guerrein Sky-Way Amusement Co.*, 346 Pa. 80, 29 A. 2d 682; *McNernie v. W. S. Peace, Inc.*, 344 Pa. 24, 24 A. 2d 12. Moreover, when it is sought on the ground of illness, it is not an abuse of discretion for a court to refuse a continuance where it appears that though the party is acting on the advice of a physician his condition is not such as would indicate that attendance at the hearing would involve a serious risk to his health. *Davidson v. Davidson*, 262 Pa. 520, 106 A. 64; 2 Anderson Pa. Civ. Prac., page 88, note 29. The same rules necessarily apply where the application for a continuance is addressed to an administrative agency. Davis on Administrative Law, page 293, §84, note 102.

At the hearing on March 6, 1951, Dr. John P. Turner, a practicing physician and police surgeon of the City of Philadelphia, testified that on March 5, 1951, at 7:15 p.m., he made an examination of the ap-

time to time by the Supreme Court of Pennsylvania." Pa. R. C. P. No. 4 (12 PS—Appendix) provides: "Within thirty (30) days after the service of an adjudication by an agency upon a party he may file an appeal therefrom and within said time take such exceptions to the adjudication of the agency as he may desire. The appellant shall furnish to the prothonotary two copies of his exceptions, for service upon the agency and the Attorney General." Pa. R. C. P. No. 8 (12 PS—Appendix) provides in part: "Appeals shall be heard by the court upon the record and the exceptions filed thereto."

pellant at the instance of the Board and found her physically fit to attend the hearing. Counsel cross-examined Dr. Turner but made no attempt to produce any medical testimony to support the request for a continuance. As noted in the opinion of the court below: "This was not the first time Dr. Turner had examined the defendant. Three true bills were returned against her in the Court of Quarter Sessions of Philadelphia County to . . . March Sessions 1950 on indictments charging the defendant with the offense of practicing medicine and surgery without a certificate of licensure . . . On February 1, 1951, she was found guilty of all three charges . . . and sentenced to pay a fine of $100.00 on each of the first two charges and placed on probation for one year on the third charge. When these cases were called for trial the defendant, through her counsel, . . . requested a continuance on the ground that she was too ill to attend court. Thereupon, by direction of the Court, Dr. Turner examined the defendant, made his report to the Court, the continuance was refused, and the cases were heard two days later."

Under the circumstances the Board did not abuse its discretion. On the contrary refusal of the continuance was proper to prevent unnecessary delay in a matter vitally affecting public health. The appellant had ample notice of the hearing and an opportunity to be heard. That she was not heard is attributable to her disregard of the citation, intentionally and without good reason.

As stated by the court below: "The defendant . . . in support of her appeal relies entirely upon Section 31 of the Administrative Agency Law . . .

"The essential elements of due process of law are notice, and an opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the

case: 12 Am. Jur., Sec. 573, pp. 267-8; Commonwealth v. O'Keefe, 298 Pa. 169, 172 . . . The defendant and her counsel were entitled to be present at the hearing held by the Board; to cross-examine witnesses offered in support of the charges made against her; and to present testimony in her own behalf. *All of these rights were accorded the defendant.* We cannot find that there was any act or omission in the instant proceeding on the part of the Board in denial or abridgement thereof. On the contrary, under all the evidence as disclosed by the record before us, *we are satisfied that the defendant, deliberately, intentionally and without any good reason, cause or excuse whatsoever, ignored the Board's citation duly served on her* and, further, that the defendant, as set forth in the Board's . . . findings of fact and . . . conclusions of law, was afforded reasonable notice of the hearing and had full opportunity to be heard. Therefore, in our opinion [in which this Court concurs], the requirement of due process of law was satisfied, the provisions . . . of the Administrative Agency Law were fully complied with, and the Board was justified in proceeding with the hearing in her absence and in the absence of her counsel." (Emphasis added.)

Order affirmed.