## Merlino *v.* State Police Court Martial Board.

Argued January 8, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKIN-SON, JR., MENCER, ROGERS and BLATT.

*Walter W. Wilt,* with him *Hepford, Zimmerman & Swartz,* for appellant.

*J. Andrew Smyser,* Deputy Attorney General, with him *J. Shane Creamer,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, March 5, 1973:

On January 18, 1972, Clark R. Larson (Larson) was apprehended for speeding by State Police Office Anthony C. Ruggiero (Ruggiero), and charges were preferred against him before District Justice BURTON E.

BALLIET (BALLIET). Larson was released on bail and a hearing was scheduled for March 13, 1972.

It is admitted that Larson, the owner of a number of meat stores, was a friend of Corporal Dominick Merlino (Merlino), a 25 year veteran of the State Police. It is also admitted that Merlino phoned Ruggiero and visited Balliet on Larson's behalf. Merlino contended, however, that he merely wished to ascertain what the charges against Larson were, and if they had been properly filed, while both Ruggiero and Balliet contended that Merlino attempted to convince them to drop the charges against Larson, promising that Larson would supply them with a quantity of beef if they so acted. The case was eventually dropped against Larson for reasons which the parties agree were in no way related to Merlino's visits.

Merlino's activities were brought to the attention of the State Police Commissioner and a Board of Inquiry was convened to investigate the matter. On its recommendation, court martial proceedings were instituted and Merlino was then charged with having violated State Police Field Regulation FRI-2, Paragraph 2, Point 22B, which provides: "A member shall not intervene or interfere in any arrest or prosecution brought by other members of the force, or by any other agency or persons." The Court Martial Board (Board) held its hearing on July 24, 1972, found Merlino guilty of all charges and recommended his dismissal. The Commissioner of the State Police (Commissioner) ordered Merlino's dismissal from the State Police on July 25, 1972, and Merlino then appealed to this Court from the action of the Board. It is clear, however, that his appeal should have been from the action of the Commissioner,[1] and we shall so treat it, neither party having raised an issue on this point.

---

[1] The Act of July 25, 1963, P. L. 275, as amended, amending §711 of the Administrative Code of 1929, Act of April 9, 1929,

634

Merlino has raised two issues before this Court: (1) The Board erred by refusing to grant a continuance so that Larson would have been available to testify, and (2) the Commissioner erred by failing to review the complete record prior to making his decision.

As to the granting of a continuance, Section 711 of the Administrative Code of 1929, 71 P.S. §251(b)(1), gives the Board the right to continue a hearing upon agreement of the person charged and the Commissioner, but granting or refusing to grant a continuance is a matter within the discretion of an agency such as the Board, and its decision will not be reversed unless such discretion is abused. *State Board of Medical Education and Licensure v. Williams,* 172 Pa. Superior Ct. 448, 94 A. 2d 61 (1953); *Cotter v. State Civil Service Commission,* 6 Pa. Commonwealth Ct. 498, 297 A. 2d 176 (1972); *City of Pittsburgh v. Pennsylvania Milk Control Commission,* 5 Pa. D. & C. 2d 685, 68 Dauph. 127 (1955). In this case, we need not even consider whether there was an abuse of discretion on the part of the Board, however, because there is simply no evidence on the record that any continuance was applied for prior to the hearing of July 24. Merlino contends that he sought a continuance because Larson would not be available to testify on July 24, but the only reference on the record to any such request is in the transcript of the hearing: "TRIAL JUDGE ADVOCATE: If the Court please, I would like to ascertain at this time whether the Defense chooses to ask for a continuance. MR. WORTH [attorney for Merlino]: We will not. We will expedite it. We did leave with that thought before, and you are so correct." While this exchange

P. L. 177, 71 P.S. §251(b)(3), provides for an appeal in accordance with the Administrative Agency Law by any member who "considers himself aggrieved by the action of the commissioner. . . ."

does seem to indicate that there had previously been some consideration of a continuance, there is simply no evidence of any request for such on the record. Proper appellate procedure, of course, requires us to limit our review to the record made before the Board, and, in any case, it is clear that Merlino was given an opportunity to request a continuance during the hearing, which he chose to waive.

Merlino's second point, however, is well taken, for the record is clear that the Commissioner, who did not take part in the hearing, could not have read the transcript thereof before rendering his decision, for the transcript was not prepared for some days thereafter. Moreover, the appellee's brief in effect admits that the transcript was not read by the Commissioner before he ordered Merlino's dismissal. Section 711 of the Administrative Code of 1929, 71 P.S. §251(b)(2), specifically provides that the Board "shall submit all records of the trial to the commissioner for review." The Commissioner is given considerable discretion in cases of this type, of course, and Section 711, 71 P.S. §251 (b)(2), says that he may, "in his discretion, follow or disregard the recommendations of the Court-martial Board." It has been further explained in *Pennsylvania State Police v. Weichman*, 86 Dauph. 323, 329-330 (1966). "If any real effect is to be given to this requirement, it must at least mean that the Commissioner in exercising his discretion to disregard the recommendations of the court martial board must, nevertheless, exercise the same within the boundaries of that record and not for some purely subjective reason or without any reason whatsoever."

We believe that the Commissioner must review the entire record prior to making his decision as to whether or not to accept the recommendations of the Court Martial Board and that the hearing before the Board

would have little or no meaning if the Commissioner is permitted to make a final decision in the case without even considering it.

Because of the above reasons, therefore, we issue the following

### ORDER

Now, March 5, 1973, the record herein is remanded to the Commissioner of the Pennsylvania State Police so that he might review it completely and thereafter decide whether to follow or disregard the recommendations of the Court Martial Board.