Dominick Merlino, Appellant, *v.* Commonwealth of Pennsylvania, James D. Barger, Commissioner, Pennsylvania State Police, Appellee.

Argued September 6, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Walter W. Wilt,* with him *Hepford, Zimmerman & Swartz,* for appellant.

*J. Andrew Smyser,* Deputy Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, February 14, 1974:

Corporal Dominick Merlino, a 25 year veteran of the State Police, was accused of attempting to influence a District Justice and another State Policeman to drop traffic violation charges against a friend of Merlino's. He was charged with violating State Police Field Regulation FRI-2, Paragraph 2, Point 22B, which provides: "A member shall not intervene or interfere in any arrest or prosecution brought by other members of the force, or by any other agency or persons."

Following a hearing before a Court-Martial Board (Board), Merlino was found guilty of the charges against him and recommended for dismissal. The Commissioner of the State Police (Commissioner) accepted the recommendation and ordered Merlino's dismissal. On appeal to this Court, we remanded the record to the Commissioner so that he could fulfill the statutory requirement of reviewing the record made before the Board prior to making his decision.[1] The Commissioner then reviewed the record, Merlino was again dismissed and other appeal to this Court has now been brought.

There are two essential issues involved in this appeal.

Merlino first contends that the Commissioner abused his discretion by failing to reopen the hearing so as to accept testimony from a witness who had not previously appeared but who would allegedly support Merlino's testimony about the incident in question. We can find no obligation on the part of the Commissioner to grant any such additional or reopened hearing, especially in view of the fact that as we noted in *Merlino, supra,* Merlino had earlier waived an opportunity for a continuance so that his witness could testify.

---

[1] *Merlino v. State Police Court Martial Board,* 7 Pa. Commonwealth Ct. 631, 301 A. 2d 106 (1973).

Merlino's other contention is that the Rules and Regulations of the State Police which were filed on April 15, 1971, including the regulation which Merlino was accused of violating, were invalid because they were not approved by the Governor. Section 711 of the Administrative Code of 1929, Act of April 9, 1929, P. L. 177, *as amended*, 71 P.S. §251, provides, *inter alia*: "The Commissioner of Pennsylvania State Police shall be the head and executive officer of the Pennsylvania State Police. He shall provide, for the members of the State Police Force, suitable uniforms, arms, equipment, and, where it is deemed necessary, horses or motor vehicles, and make rules and regulations, *subject to the approval of the Governor,* prescribing qualifications prerequisite to, or retention of, membership in the force. . . ." (Emphasis added.) It seems clear, therefore, that, although the Legislature has delegated rule-making power to the Commissioner, it has kept a check on this power by requiring approval of such rules by the Governor before they may be effective, and the quasi-military nature of the State Police makes such a requirement understandable. The requirement of gubernatorial approval has been further recognized in §102(2) of the Commonwealth Documents Law, Act of July 31, 1968, P. L. 769, 45 P.S. §1102(2), which defines "administrative regulation" as "any regulation except a proclamation, executive order, executive directive or other similar document promulgated by the Governor, and *the term includes a regulation which may be promulgated by an agency only with the approval of the Governor."* (Emphasis added.) Merlino claims that this approval by the Governor was never obtained for the set of regulations which he was accused of violating, and he would have us hold, therefore, that they were invalid. He, however, has never raised this issue previously. He did not raise it while he was being investigated, he did not raise it before the Board, he did not raise it in the prior appeal to this

Court and he did not raise it on the remand to the Commissioner.

Under these circumstances, we cannot properly consider it. We cannot consider issues which the parties fail to raise below,[2] and this case provides a clear example of the reason for that rule. Although the requirement that the Governor approve State Police regulations is a matter of law, the question of whether or not there has been such approval is one of fact, and that is to be decided below, not here. Merlino has introduced no evidence below on this matter but has attempted to introduce evidence here by attaching to his brief a copy of the face sheet of the regulations and alleging that, because it does not bear the Governor's signature, they have not been approved. We cannot accept additional evidence at this time, of course, but, even if we could, we could not accept this particular presumption. The fact that the Governor did not sign the face sheet does not in itself establish that he had not approved the regulations.[3] Indeed, we can find no requirement whatever that the Governor's approval must be evidenced by his signature on the face sheet of the regulations. It might well be that if such approval is not evidenced on the face sheet of the regulations or on a letter or other document accompanying the regulations which would be readily available for inspection, the burden would be on the Commonwealth to establish that such approval was received. At any rate, that is why the failure of Merlino to raise this issue below or to introduce any evidence pertaining to it makes it impossible for us now to hold that the required approval did not exist. As

---

[2] *Sojtori v. Zoning Hearing Board and Moyer*, 6 Pa. Commonwealth Ct. 552, 296 A. 2d 532 (1972).

[3] We note that Section 505 of the Commonwealth Documents Law, 45 P.S. §1505, establishes a rebuttable presumption that a published regulation was duly issued or promulgated and that all the requirements of that Act have been complied with.

has been said, even if we accepted Merlino's assertion that the Governor did not indicate his approval on the face sheet of the regulations, that would not mean that approval was not indicated in some other way, such as by a letter. We must hold, therefore, that the evidence on the record before us in no way establishes that the regulations in question had not been properly approved by the Governor prior to the initiation of this action against Merlino. And if in fact there was no such approval, this should have been alleged and proved below.

For the above reasons, therefore, we issue the following

#### ORDER

Now, February 14, 1974, the order of the Commissioner of the State Police dismissing Dominick Merlino from the State Police is hereby affirmed.

Judge MENCER dissents.