Skilton et vir. *v.* Philadelphia Transportation
Company.
Colleran Appeal.

Argued December 4, 1973. Before WRIGHT, P. J.,
WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ.
(SPAULDING, J., absent).

*James E. Beasley,* with him *Arnold E. Cohen,* and
*Beasley, Hewson, Casey, Kraft & Colleran,* for appellant.

*Thomas D'Annunzio,* for appellee.

OPINION PER CURIAM, April 3, 1974:
This is an appeal from the lower court's action in
holding appellant, an attorney, in contempt of court
and fining him $50. There is no record of the contempt
proceedings but it appears from appellant's brief and
one of several accompanying affidavits that the action
of the court followed appellant's failure to appear on
November 3, 1972, for call of a trial list and trial at

9:30 a.m.; in consequence of his absence, a civil trial in which he was counsel apparently had to be postponed.[1] It further appears that appellant's explanation that his absence had been occasioned by federal trial proceedings in which he was a counsel was not accepted by the lower court.[2]

Four affidavits, apparently filed subsequent to the taking of the present appeal, accompany the appellant's brief. The affiants are: the federal judge who presided at the trial which allegedly caused appellant's absence from state court; an attorney who represented the opposing side in the federal trial; an attorney who is associated with appellant in legal practice; and appellant.

The federal judge attested to appellant's participation as counsel in a trial presided over by him, which began on October 26, 1972, and concluded with the dismissal of the jury at about 10:15 a.m. on November 3, 1972, following a meeting in chambers in which counsel reported a settlement agreement. The opposing attorney gave a statement to the same effect, noting that the jury had been dismissed in the presence of counsel. The associate stated that he had notified the lower court on October 31, 1972, of appellant's participation in the federal trial; he was informed, according to his statement, that the state case would be held in its position, and was told to have appellant notify the court of his availability when the federal trial was concluded. Appellant stated, *inter alia,* that at about 10:45 a.m. on November 3, 1972, having returned to his office following conclusion of the federal trial, he was instructed to appear before the lower court, and upon appearance there was questioned concerning his absence from state

---

[1] The trial, which was held several days later, was not presided over by the same judge who had held appellant in contempt.

[2] An affidavit of the appellant states that the lower court informed him that according to the Legal Intelligencer he was not listed as appearing in federal court as claimed.

court. His contempt adjudication and fine resulted, according to his statement.

Although certain questions exist as to whether the present action of the court below should have been appealed directly to the Pennsylvania Supreme Court as one involving direct criminal contempt,[3] no objection to this Court's jurisdiction has been raised in the case and we are willing to exercise jurisdiction for the purpose of directing a remand.[4]

In general, matters not raised in, or considered by, a lower court cannot be invoked on appeal. *See Altman v. Ryan,* 435 Pa. 401, 257 A.2d 583 (1969); 10A P.L.E. *Criminal Law* §911 (1970). It would, therefore, be improper for this Court to attempt to give effect to the affidavits accompanying appellant's brief.

We are certain, however, that the lower court would wish to examine the affidavits, which indicate that the penalty imposed upon the appellant may have been the result of a misunderstanding. In view of the seriousness of a contempt adjudication of the present type, of

---

[3] *See* Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, art. II, §202, 17 P.S. §211.202 (Supp. 1973-74); Act of June 16, 1836, P. L. 784, §23, 17 P.S. §2041; *see* generally *Marks' Appeal,* 144 Pa. Superior Ct. 556, 20 A.2d 242 (1941) (direct and indirect criminal contempt compared). As noted in the text, the record contains no transcript of the contempt proceedings; nor are the circumstances surrounding the matter otherwise revealed by the record.

[4] Section 503(a) of the Appellate Court Jurisdiction Act of 1970 provides: "The failure of an appellee to file an objection to the jurisdiction of an appellate court on or prior to the hearing of the appeal, or within such earlier time as may be specified by general rule or rule of court, shall, unless the appellate court shall otherwise order, operate to perfect the appellate jurisdiction of such appellate court, notwithstanding any provision of this act, or of any general rule adopted pursuant to section 505 of this act, vesting jurisdiction of such appeal in another appellate court." Act of July 31, 1970, P. L. 673, art. V, §503(a), 17 P.S. §211.503(a) (Supp. 1973-74).

the need for general accommodation between state and federal courts in cases involving scheduling conflicts of counsel,[5] and of the desirability of an expanded record in the case at bar upon which to predicate appellate review, we believe that the proper course is to remand the case as it pertains to the contempt adjudication and fine for further hearing and disposition.

Case remanded with a procedendo.

[5] See *Budget Laundry Co. v. Munter*, 450 Pa. 13, 298 A.2d 55 (1972).