## Krull *v.* Krull, Appellant.

Argued April 15, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

██ 

*Michael Saltzburg,* for appellant.

No appearance entered nor brief submitted for appellee.

OPINION BY PRICE, J., September 22, 1975:

Though differing slightly in facts, the policies at issue in this case closely resemble those of *Budget Laundry Company v. Munter,* 450 Pa. 13, 298 A. 2d 55 (1972). We believe that the guidelines set forth by the Supreme Court in that case, when applied to the situation herein presented, require that we reverse and remand this case for a new hearing. *See also Felsing v. Beining,* 236 Pa. Superior Ct. 202, 345 A.2d 290 (1975).

The record reveals that appellant and appellee are husband and wife, and that appellee has custody of their

two children. On November 15, 1974, appellee filed a Civil Complaint for Support and appellant was served with the complaint on November 21, 1974, at the West Allegheny Hospital in Oakdale, Pennsylvania, where he was being treated for lumbar sprain and disease of the lumbar spine.

The case came on for hearing on November 26, 1974. Appellant, represented by counsel from Neighborhood Legal Services, requested that the trial be continued because he was still in the hospital and was unable to attend the trial,[1] and because his only conference with counsel had been an incomplete exchange over the telephone. Counsel told the court that this amount of preparation was inadequate for him to properly represent appellant at the hearing.

The motion was denied, the hearing proceeded, and appellant was ordered to pay $100.00 per month while he received unemployment compensation, the order automatically to be increased to $160.00 as soon as he returned to work. Appellant appeals the lower court's refusal to grant the continuance.

In support of its decision denying the continuance, the lower court expressly placed its sole reliance on Rule 7 of the Rules of Trial Policy of the Allegheny County Court of Common Pleas.[2] However, as noted by the Supreme Court of Pennsylvania, in *Budget Laundry Company v. Munter*, 450 Pa. 13, 298 A.2d 55 (1972), a strict enforcement of these rules would contradict the Pennsylvania Rules of Civil Procedure. Pa.R.C.P. 216 provides that "[i]llness of counsel of record, a material witness, or a party" are grounds for a continuance.

---

1. These facts were verified by presentation to the lower court, prior to hearing, of a letter from appellant's physician.

2. The Rules are published periodically in the *Pittsburgh Legal Journal*. Rule 7 provides: "If plaintiff is present for hearing and it appears to the court that due notice was given to defendant, the case will proceed ex parte plaintiff."

In *Budget Laundry Company, supra,* a calendar conflict arose which required the appellant's attorney to be in Federal District Court on the day that appellant's case was listed for trial. Appellant's attorney requested a continuance which, pursuant to the published Trial Policy, was denied. The case proceeded as scheduled, ex parte, resulting in a judgment for the appellee. The appellant appealed, arguing that the lower court had abused its discretion.

The Supreme Court reversed, noting that the interest of maintaining the judicial system as an expeditious, effective mechanism, was outweighed by the right of a litigant to be represented by counsel.

It is well-settled in Pennsylvania that a lower court's grant or denial of a continuance is a discretionary matter, and will be overruled on appeal only where it can be said that that discretion has been manifestly abused.[3] If the lower court in this case had relied on other grounds in denying the continuance, we would be loathe to interfere with its decision. For example, it has been indicated that one of the factors to consider in appraising the request for a continuance is the prejudice resulting to the opposing party. *Budget Laundry Company, supra; Nerkowski v. Yellow Cab Company of Pittsburgh,* 436 Pa. 306, 259 A.2d 171 (1969). But in this case, the court did not find that undue prejudice would result.

It is important to note that a court cannot lightly regard a litigant's right to be present at the time that his rights are "heard." *Cf. Mullane v. Central Hanover Bank and Trust Company,* 339 U.S. 306 (1949). This cherished right is the basis for Pa.R.C.P. 216, and when a lower court denies such a fundamental judicial pillar, based on "trial policy," the action must be scrutinized closely.

___

3. *See* 4 *Standard Pennsylvania Practice* 618-20 (1955) for almost two pages of citation to cases supporting the above proposition.

We note that there is nothing in the record of this case to indicate that appellant is using his illness solely as a delaying tactic. *See State Board of Medical Education and Licensure v. Williams*, 172 Pa. Superior Ct. 448, 94 A.2d 61 (1953). Under the narrow circumstances of this case, then, we must conclude that the lower court's failure to grant a continuance was an abuse of discretion.

The order of the lower court of date November 26, 1974, is vacated and the case is remanded for a new hearing.