399 A.2d 131

TRIANGLE PACIFIC PHILADELPHIA CORPORATION

v.

TRIDENT ENTERPRISES, INCORPORATED, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 30, 1977.

Decided Dec. 14, 1978.

Petition for Allowance of Appeal Granted March 27, 1979.

M. Patricia Harkins, Lafayette Hill, for appellant.

Steven H. Berkowitz, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

The question on this appeal is whether the trial court abused its discretion in proceeding to trial in this assumpsit action in the absence of defendant or its counsel.

We believe there was an abuse of discretion in this case, and we reverse and remand for a new trial.

Most of the pertinent facts are not disputed. The case had originally been submitted to arbitrators, who found for plaintiff. Defendant appealed. In December, 1975, a "Notice to the Bar" appeared in the Legal Intelligencer informing attorneys that all cases on appeal from arbitration would be assigned for trial starting January 5, 1976. A list of the cases included this case. A second notice appeared in the Legal Intelligencer apparently around January 9, 1976, assigning the case for trial on January 16, 1976, before Judge John J. McDevitt III.

Defendant's counsel was a single practitioner who had moved her office in August, 1974, to Montgomery County. She says she did not subscribe to the Legal Intelligencer, and apparently denies actual knowledge that the case would be listed for trial in January, 1976, until she received from plaintiff's attorney a copy of a letter dated January 13, 1976, to Judge McDevitt enclosing plaintiff's trial brief.

On January 14, 1976, she wrote plaintiff's counsel stating that she had been "taken aback" on receipt of his letter of January 13; that she would be on trial in Montgomery County on Friday, January 16, 1976; that she would be "most grateful" if plaintiff's counsel could arrange for rescheduling for a date certain, and that she might need "several weeks' notice" to secure the appearance of her

principal witness. This letter of January 14 was apparently received by plaintiff's counsel on January 16, 1976, after the case had been called by Judge McDevitt that morning and postponed until Monday, January 19. (See Attorney Berkowitz' affidavit, par. 9) Defendant's counsel did telephone Judge McDevitt's chambers on the morning of January 16 and advised of her problem. Presumably the Judge postponed the matter over the weekend in response to this telephone call (see the Court's Opinion, p. 2), and Mr. Berkowitz was asked by the Judge to inform defendant's counsel, Mrs. Harkins. (Berkowitz affidavit, par. 8.)

On the morning of January 19, 1976, Harkins did not appear when the case was called.

A colloquy took place between the Judge and Berkowitz. The latter stated (N.T. pp. 2–4) on the record that he had attempted about a dozen times in the past week to contact Harkins and her client, left telephone messages, notified Harkins "by letter on Monday (January 12, 1976) and by letter this past Friday (January 16, 1976) . . . that it would be listed today at 10:00 a. m."; that Harkins' secretary, by telephone, had asked that a new date be set; that defendant needed at least two weeks to locate a witness in another state; and Berkowitz requested that "the case go forward this morning."

The Judge (N.T. p. 5), citing the court's growing backlog, said: "I have heard nothing directly from Ms. Harkins.[1] . . . She said she was engaged in Montgomery County. We are not accepting engagement slips from other counties."

The Judge then ordered the case to go to trial.

The case proceeded to trial *ex parte* on January 19, 1976, and the jury found for plaintiff in the same amount as the arbitrators' award, plus interest. Plaintiff filed a praecipe for judgment on January 28, 1976, and judgment was entered.

1. The Judge's opinion, pp. 2 and 3, states that Harkins had telephoned his chambers on January 16 and January 19 to say she was on trial in Montgomery County.

On February 19, 1976, defendant filed "Exceptions to the Verdict," charging that the Court erred in proceeding to trial "without defendant or its counsel present . . . despite direct advice . . . to the Court's secretary that defendant's counsel was on trial in Montgomery County on Friday, January 16, 1976, and that the case may well have been continued onto January 19, 1976, which in fact it was, and despite defense counsel's request for a continuance to a date certain . . ."

Judge McDevitt noted that the "Exceptions to the Verdict" did not constitute the correct procedure to challenge a verdict by a jury, which would be a motion for new trial or for judgment N.O.V., but nevertheless elected "to consider the substantive issue raised by counsel."

He dismissed the Exceptions to the Verdict. His opinion, in pertinent part, is as follows (Lower Court Opinion, p. 4):

"The governing Rule of Procedure for the disputed action by the Court is Rule 218, which provides:

'When a case is called for trial, if one party is not ready, without satisfactory excuse being made known to the court, a nonsuit may be entered on motion of the defendant, or the plaintiff may proceed to trial, as the case may be. Where the trial proceeds the court may require the prothonotary, or may authorize any attorney of the court, to participate in the drawing of a jury in behalf of the unready party.

'If no party is ready for trial when a case is called, the court shall strike the case from the trial list.

'The Court chose to invoke this rule because it was blatantly apparent that no "satisfactory excuse" had been offered for defense counsel's absence.' "

(Opinion, pp. 5 and 6:)

"As sole authority for her Exceptions, defense counsel cites *Budget Laundry Company v. Munter*, 450 Pa. 13 [298 A.2d 55] (1972), wherein the Court found that a Calendar Judge had erred in not granting a continuance to a defense attorney who was on trial in Federal District Court on the day when the matter at issue was called for

trial.  In that case, the Judge was informed some eight days before the scheduled trial date that defense counsel would have to try the matter himself.  His request for a continuance at the time of trial was for a delay of only three or four days and plaintiff's counsel therein did not object to the request.  In sharp contrast, present defense counsel asked for a delay of several weeks.  Also, plaintiff's attorney herein vigorously opposed any continuance.  "Even in view of the far different state of facts in *Budget Laundry*, the Court there felt constrained to state:

> " 'Needless to say, this type of appeal provides maximum difficulty for an appellate court.  The courts of the Commonwealth have been striving mightily to reduce backlogs and to speed the course of litigation.  We are all too aware of the extreme problems created, particularly in the large metropolitan counties of the Commonwealth, by calendar congestion and the attendant delays in the disposition of litigation.  It is only by virtue of the adoption of strict calendar control that courts throughout the Commonwealth have been successful in coming to grips with this problem.  We, of course, support the efforts of the courts of common pleas to solve the backlog problems.  450 Pa. 13, 17 [298 A.2d 55].'

"In this case, we have no doubt that the Court properly denied counsel's request for an extended delay.  If all attorneys acted like present defense counsel in disregarding rules of court, our judicial system would quickly become unworkable.  Defendant's Exceptions here are completely devoid of merit, and they are therefore dismissed."

We, too, support the efforts of the lower courts to ease their backlog problems by adoption of strict calendar controls; but sometimes those controls must be relaxed to avoid unduly harsh results.

In this present case, defendant's counsel had one case among 2,600 cases scheduled for trial, at the call of the court, sometime between January 5, 1976, and February 6,

1976, if reached. She apparently had no actual knowledge that the case would be called for trial on January 16, 1976, until she received plaintiff's counsel's letter on January 14. She wrote him that day, invoking his help, and telephoned the judge's chambers on the mornings of January 16 and 19 advising that she was committed to trial in Montgomery County on both of those days.[2] These circumstances do not justify, in our opinion, Judge McDevitt's statement (p. 4) that:

" . . . it was blatantly apparent that no 'satisfactory excuse' had been offered for defense counsel's absence."

Plaintiff attempts to distinguish this case from *Budget Laundry* on two principal bases:

(1) that defendant's counsel's letter of January 14 stated she "might require several weeks" to secure a necessary witness; and

(2) that, unlike opposing counsel, plaintiff's counsel in this case objected strongly to any continuance.

These are "distinctions," but insufficient to prevent the application of the *Budget Laundry* principle. If the present case had been held on the court's calendar until defendant's counsel's commitment in Montgomery County had been fulfilled, the trial judge would have been able to handle any problem which might arise with respect to the availability of a witness. See *Commonwealth of Pennsylvania v. Ross*, 465 Pa. 421, 425, 350 A.2d 836 (1976); *Krull v. Krull*, 236 Pa.Super. 207, 344 A.2d 619 (1975); and *Skilton v. Philadelphia Transportation Co.*, 227 Pa.Super. 500, 323 A.2d 46 (1974) for other references to *Budget Laundry*.

Reversed and remanded for new trial.

CERCONE, J., dissents.

2.  Plaintiff's counsel suggests that defendant's counsel may not actually have been committed on January 16 (par. 11 of his affidavit, p. 3b of his brief), but his investigation of that circumstance was made sometime after February 19, 1976, when defendant's Exceptions to Verdict were filed. Judge McDevitt apparently accepted Ms. Harkins' word that she was engaged in Montgomery county (N.T., p. 5).

PRICE, J., files a dissenting opinion.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

PRICE, Judge, dissenting:

I applaud the efforts of the majority to support trial courts in their efforts to ease their backlog problems by adoption of strict calendar controls, and I too recognize that sometimes these controls must be relaxed to avoid unduly harsh results. (P. 133) I do not, however, agree that the circumstances of the present case justify a relaxation of those controls, nor do I agree that under these circumstances the court below reached an unduly harsh result.

There appeared a "Notice to the Bar" in The Legal Intelligencer, the official periodical of Philadelphia County for the publication of all notices,[1] on December 9, 10, 11, 17 and 18, 1975, informing attorneys that all cases on appeal from arbitration would be assigned for trial starting January 5, 1976. A list of all of these cases, including the one now on appeal, also appeared at that time. Thereafter, additional notice appeared in the same publication a week in advance of the assignment of this case for January 16, 1976.

Appellant's counsel, from a county other than Philadelphia, advances the novel excuse that she did not subscribe to The Legal Intelligencer and therefore had no notice of the trial date until sometime after January 13, 1976, when she received appellee's trial brief. Even more novel than the excuse itself is the fact that apparently the majority of this court would accept it.

*Budget Laundry Company v. Munter*, 450 Pa. 13, 298 A.2d 55 (1972), has no application whatsoever to the case before us, and to attempt its application to these circumstances is, in my opinion, a complete distortion of the principles therein set forth. *Budget Laundry* presents a situation where all parties complied and responded to the notice provisions of

1. See Philadelphia General Civil Rule 100.

trial, and only directs itself to a situation where the trial court must, upon adequate notice and proper response from attorneys, accept prior engagement of counsel as proper cause for a limited continuance.

The circumstances herein set forth are a far cry from *Budget Laundry*, and by its action today the majority encourages a flagrant disregarding of rules of court. In so doing they contribute to the continuing disintegration of a workable judicial system.

Any attorney who accepts a case, in any county of this Commonwealth, must also accept responsibility for knowledge of that county's rules, and must abide by the provisions of those rules. To allow otherwise is simply to invite chaos.

I dissent and would affirm the entry of judgment.