428 A.2d 211

ASSOCIATED SPRINKLER CO., INC. OF PA.,

v.

Gino L. GIANSANTE, and Marie E. Giansante, His Wife, Appellants.

Superior Court of Pennsylvania.

Argued March 12, 1980.

Filed April 3, 1981.

[redacted] 

[redacted]

---

Harold W. Rehfuss, Philadelphia, for appellants.

Steven A. Segal, Philadelphia, for appellee.

Before SPAETH, BROSKY and VAN der VOORT, JJ.

VAN der VOORT, Judge:

This appeal arises out of an action in assumpsit. Appellee filed suit against appellants for the balance due on a contract for goods and services. The complaint alleged that appellants had used Transit Construction Company (hereafter referred to as the Company) as a means to defraud appellee. Appellee claims that appellants controlled the company. Judgment by default for failure to file an answer was entered on March 9, 1976. By agreement, judgment was opened on April 26, 1976. Appellants filed an answer to

the complaint on June 7, 1976, in which they denied the majority of appellee's allegations, including the wife's involvement in the company; and the company's use to defraud the appellee. On June 7, 1976 appellee filed interrogatories. Appellants filed their answers on July 15, 1976. On April 1, 1977 appellee filed a motion for production and inspection requesting records regarding the company's corporate character; the court signed an appropriate order therefor. Appellants failed to produce the requested records and appellee filed a motion for sanctions requesting the court to: a) enter an adjudication that appellants had admitted to several of the averments contained in the complaint; and, b) exclude at trial appellants proof on such issues. The lower court granted the requested relief and held that appellants were presumed to have acted through the company; the company was used as a device to defraud appellee, and the company had entered into a contract with appellee.

Appellants and appellant's counsel failed to appear at an arbitration hearing scheduled for October 20, 1977 and the arbitrators accordingly found for appellee. Appellants appealed the arbitrator's findings; appellants and counsel failed to appear before the lower court. The court dismissed the appeal and entered an order finding for appellee. Appellant's motion for a new trial nunc pro tunc was denied; judgment was entered for appellee. This appeal followed.

Appellants here make two arguments for reversing the lower court:

I. The court erred in dismissing the appeal from arbitration when counsel had no notice of the hearing and he was attached on cases of higher priority; and

II. The court erred in entering judgment without requiring the presentation of appellee's case.

■ I. Appellants offer a two fold argument. First, they claim they had not received notice of the arbitration appeal hearing, and second, they contend that counsel was attached on the day in question on other matters which under the local rules had priority over the arbitration appeal.

We find appellants arguments to be factually without merit. Appellant's claim of lack of prior notice is refuted by the record. On August 18, 1978[1] when the case was called before the lower court the court discussed with its crier the attempts made to locate appellant's counsel. The record of that day's proceedings indicates that the court crier had telephoned appellant's counsel on June 5, 1978 informing him the case was listed for August 18, 1978. The court was also informed of efforts to locate counsel on the day of trial. The court took judicial notice in its opinion that the trial date had also been published a week in advance in *The Legal Intelligencer.*

The present case is distinguishable from *Triangle Pacific Philadelphia Corp., v. Trident Enterprises Incorporated,* 264 Pa.Super. 76, 399 A.2d 131 (1979). In *Triangle Pacific* notice had also appeared in *The Legal Intelligencer,* however, there counsel had moved out of Philadelphia and had received no actual notice until two days prior to trial when she received the other party's brief. Counsel informed the trial judge that she was engaged in another county but the court refused to continue the case. In that case we remanded for a new trial. Here, we find that counsel had received actual notice over two months prior to the trial date, therefore *Triangle Pacific* is not controlling.

Once actual notice is established then appellant's attorney had a duty under Local Rule Number 805[2] to file

1. The transcript of the proceedings bears the date August 18, 1975. The docket entries page and the trial judge in his opinion refer to the date as August 18, 1978. We believe we may safely presume that the proceedings occurred on August 18, 1978.

2. "Where an attorney has more than one criminal case listed in different courtrooms for the same day, he shall file or cause to be filed busy slips in each courtroom wherein his case or cases are listed. Counsel will be expected to report to the highest priority room for which he has been assigned and must file busy slips in connection with any conflicting assignment by 0:15 A.M.
Priority List (listed in the order of their priority)
(1) Homicide case and Calendar Room
(2) Felony Jury case and Calendar Room
(3) Juvenile Court

busy slips with the courts in which he had other cases listed for trial. Counsel did not file a busy slip. The Court's attempts to locate appellant's attorney were to no avail. Appellant's claim that substitute counsel was on his way to the lower court when the court entered its order is not supported by the record. Since appellants had actual notice of the hearing, and counsel failed to enter a busy slip, there is no need to discuss the priority list argument that appellants make here.

II. Appellant's second argument is that while the court may have properly proceeded without appellants being present, the court was required to have plaintiff-appellee present its case to the court. We are referred to Rule 218, Pennsylvania R.C.P. which reads:

> When a case is called for trial, if one party is ready and the other is not ready, without satisfactory excuse being made known to the court, a non-suit may be entered on motion of the defendant, or *the plaintiff may proceed to trial*, as the case may be. Where the trial proceeds the court may require the prothonotary, or may authorize any attorney of the court, to participate in the drawing of a jury in behalf of the unready party.

> If no party is ready for trial when a case is called, the court shall strike the case from the trial list. (Emphasis added)

Appellant's position is technically correct; the plaintiff-appellee should have presented its case ex-parte to the court. Instead, the court dismissed the appeal and found for appellee.

■ An appeal from arbitration is to be tried de novo.[3] *Bell v. Shertona*, 214 Pa.Super. 309, 257 A.2d 323 (1969);

(4) Felony Non-Jury Room
(5) Municipal Court List Room
(6) Criminal Motion List and P.C.H.A. Hearing
(7) Any other assignment ..."

3. In the early stages of this case, authority for appealing arbitrator's awards was found in 5 P.S. § 71. However, effective June 27, 1978, 42 Pa.C.S.A. §§ 7361 and 7362 control the right to appeal from

*Lanigan v. Lewis,* 210 Pa.Super. 273, 232 A.2d 50 (1967); and *Lee v. Cel-Pek Industries, Inc.,* 251 Pa.Super. 568, 380 A.2d 1243 (1976). In *Lee v. Cel-Pek,* we held:

The practice authorized by this rule [Rule 218] to proceed with trial in the defendant's absence has been held to be reasonable and a proper practice which has been consistently followed subject to judicial discretion. *Meek v. Allen,* 162 Pa.Super. 495, 58 A.2d 370 (1948). We find no authority presented by the defendant for the ex parte dismissal of an appeal because of counsel's absence. The defendant may be subject to other sanctions as the court may see fit but the procedure employed by the court below cannot be approved. The plaintiff should have proceeded with the de novo trial in the defendant's absence as outlined in the rule. 251 Pa.Super. at 570, 380 A.2d 1243 (1976).

▇ The lower court erred in dismissing the appeal. Appellee contends that appellants suffered no prejudice or harm from dismissing the appeal as no facts were in dispute and appellants were barred from presenting a defense. A close scrutiny of the record supports appellee's position, but only to a certain extent. As a result of appellant's failure to produce requested records the court had previously imposed sanctions pursuant to Rule 4009. The court had deemed certain of appellee's allegations admitted and prohibited appellants from presenting evidence thereon. However, such sanctions did not pertain to paragraphs 6 through 9 of the complaint.[4] These allegations having been denied by

arbitration. Section 7361(d) legislatively requires a trial de novo in appeals from compulsory arbitration.

4. 6. A true and correct copy of that written contract is attached as Exhibit "A" hereto.
7. Plaintiff has performed all of its obligations under the aforesaid contract, and in satisfactory and timely fashion. Defendants are indebted to the plaintiff in the amount of Seven Thousand Dollars, together with interest thereon, as set forth in Exhibit "B" hereto.
8. The charges represent the fair market value of the goods and services rendered by the plaintiff.
9. Despite demand made, defendants have failed and refused to make payments due.

appellants still remained disputed when the case was before the trial court. The trial court should have heard appellee's case on these remaining contentions.

As the Supreme Court stated in *Budget Laundry Company v. Munter*, 450 Pa. 13, 17, 298 A.2d 55 (1972); and we reiterated in *Triangle Pacific*, 264 Pa.Super. at 80, 399 A.2d at 133:

> Needless to say, this type of appeal provides maximum difficulty for an appellate court. The courts of the Commonwealth have been striving mightily to reduce backlogs and to speed the course of litigation. We are all too aware of the extreme problems created, particularly in the large metropolitan counties of the Commonwealth, by calendar congestion and the attendant delays in the disposition of litigation. It is only by virtue of the adoption of strict calendar control that courts throughout the Commonwealth have been successful in coming to grips with this problem. We, of course, support the efforts of the courts of common pleas to solve the backlog problems.

But Rule 218 and our decision in *Lee v. Cel-Pek, supra,* control our disposition here. We reluctantly vacate the order of the lower court dated August 18, 1978, and the judgment entered pursuant thereto, and remand for trial ex-parte plaintiff-appellee.

Order of the lower court is vacated and the case is remanded for proceedings consistent with this Opinion.

BROSKY, J., files a concurring opinion.

BROSKY, Judge, concurring:

While I agree with the majority, I think it is important to emphasize that Rule 218, Pa.R.C.P. protects not only those parties present at time of trial, but also those who are not present or not ready to proceed to trial.

At first reading, the rule seems to be addressed only to those parties who are present and ready to proceed. The provision that a plaintiff may proceed in the absence of the defendant does give the plaintiff a right to have his cause

tried even in the absence of the defendant and his attorney. *Phoenix Mutual Life Insurance Co. v. Radcliffe on the Delaware,* 439 Pa. 159, 266 A.2d 698 (1970). Similarly, when it is the plaintiff who is absent, the defendant can move for a nonsuit. The right is not one to a verdict without a trial. See *Mazi v. McAnlis,* 365 Pa. 114, 74 A.2d 108 (1950).

The verdicts rendered in ex parte trials are reviewable to determine whether the evidence adequately supports the verdict. See *Meek v. Allen,* 162 Pa.Super. 495, 58 A.2d 370 (1948).

A defendant absent from trial can demand compliance with Rule 218 to assure that such evidence is presented to the court.