608 A.2d 552

Matthew STOCK

v.

Hugh ARNOTT, d/b/a Arnott Trucking, Appellant.

Superior Court of Pennsylvania.

Submitted March 9, 1992.

Filed May 13, 1992.

Jeffrey G. Velander, Easton, for appellant.

Patrick M. Lydon, Bangor, for appellee.

Before CIRILLO, TAMILIA and MONTGOMERY, JJ.

CIRILLO, Judge:

This is an appeal from an order entered in the Court of Common Pleas of Northampton County dismissing with prejudice appellant Hugh Arnott's appeal of an arbitration award. We reverse.

In August of 1988 Hugh Arnott, d/b/a Arnott Trucking ("Arnott"), orally agreed to sell appellee Matthew Stock a 1974 tractor and a "city dump" trailer for $12,000.00, to be paid in twelve monthly installments of $1,000.00 each. Although Stock took delivery of the vehicles immediately, Arnott was to retain title to the vehicles until he had received the full purchase price. Stock made his first payment in October of 1988 and continued to pay until June 1, 1989; at that time he had paid a total of $9,926.07. A month later, without prior notice, Arnott repossessed the tractor and trailer from Stock. Stock filed a complaint against Arnott alleging breach of contract, or in the alternative, unjust enrichment, and claimed approximately $19,-000.00 in damages.[1] Arnott counterclaimed, alleging damages in approximately the same amount for towing, repairs and storage of the tractor and trailer. The case was listed for compulsory arbitration, see 42 Pa.C.S.A. § 7361, and after two postponements requested by Arnott, the arbitration panel heard the case on October 2, 1990. The panel found for Stock in the amount of $8,000.00 on the com-

1. Stock's damage claim consists of $10,000.00 in payments already made, $7,500.00 in repairs to the tractor, $500.00 in repairs to the trailer, and $1,200.00 in lost income from a two-month lease of the trailer to a third party at $50.00 a day.

plaint, and against Arnott on the counterclaim. On November 12, 1990, Arnott, *pro se*, filed a timely notice of appeal for a trial *de novo* in the court of common pleas. *See* 42 Pa.C.S.A. § 7361(d); Pa.R.C.P. 1308(a)(1); Pa.R.C.P. 1311(a).

Pursuant to Northampton Rule of Court 212.1,[2] the trial court ordered Stock and Arnott to appear on December 27, 1990 for a pre-trial conference. Stock's attorney appeared at the appointed time; however, neither Arnott nor his attorney appeared or notified the court of their inability to attend.[3] As the record revealed that on November 26, 1990, someone at Arnott's address signed the receipt for the notification of the conference, the trial court struck, with prejudice, Arnott's appeal for a *de novo* trial and ordered the arbitration award to be reinstated. Arnott filed this appeal.

■ Appellee Stock contends that Arnott's appeal to this court should be quashed as untimely because it was not filed within thirty days of the docketing of the pre-trial conference notes. This contention lacks merit. The pre-trial conference notes and order were docketed on January 29, 1991. However, there is no docket entry indicating that Stock and Arnott were notified of the entry of the dismissal order. *See* Pa.R.C.P. 236(a) ("The prothonotary shall immediately give written notice by ordinary mail of the entry of any order, decree or judgment.") and 236(b) ("The prothonotary shall note in the docket the giving of the notice....."). Aside from Arnott's attorney entering a praecipe of his

2. The trial court relied on a 1973 version of rule 212.1. Since that date the rule has been revised, renumbered N212B, and retitled "Pretrial and Pre-trial Settlement Conferences." The analogous portion of rule N212B provides:
 (a) A pre-trial conference shall be held in all civil cases unless dispensed with by the Court as unnecessary, exempted by Order of the Supreme Court or subject to compulsory arbitration.

3. When no one representing Arnott appeared at the pre-trial conference, the judge telephoned Arnott's attorney of record. The attorney informed the trial court that Arnott had consulted with him about the appeal, but since Arnott had failed to pay his retainer for the *de novo* proceedings, the attorney was no longer representing Arnott.

appearance, there are no further docket entries until March 25, 1991, when Stock entered a praecipe for judgment on the arbitration panel's award and the prothonotary recorded that the parties were notified. On April 24, 1991, which was "within thirty days after the entry of the order from which the appeal is taken," *see* Pa.R.A.Pa. 903(a), Arnott filed a notice of appeal to this court. Thus Arnott's appeal is properly before us.[4]

Arnott now presents one issue for our consideration: Did the lower court abuse its discretion in dismissing appellant's appeal from a compulsory arbitration award for his failure to appear at a pretrial conference without providing appellant with an opportunity to explain his absence?

■■■ On appeal, we will not reverse a trial court's dismissal of an action with prejudice absent an abuse of discretion. *See Elcomp, Inc. v. Drolet,* 398 Pa.Super. 421, 424, 581 A.2d 203, 205 (1990). An abuse of discretion is not merely an error in judgment; rather it occurs when the law is overridden or misapplied, or when the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias or ill will. *Mielcuszny et ux. v. Rosol,* 317 Pa. 91, 93, 176 A. 236, 237 (1934).

■■■ This court has determined, pursuant to the inherent authority in Rule 212, that "counsel is under the same duty to appear at conciliatory or pre-trial conferences as he is to appear at trial." *Lee v. Cel–Pek Industries, Inc.,* 251 Pa.Super. 568, 570, 380 A.2d 1243, 1244 (1977); 1 Goodrich Amram 2d § 212:8 (1991 ed.). While the attorneys for the parties are obligated to appear, the parties themselves are not, unless specifically ordered to do so. *See* Pa.R.C.P. 212;

**4.** We note that on March 15, 1991, Arnott filed a motion for reconsideration/petition to open judgment with the trial court and had a rule to show cause issued to Stock to show why the relief Arnott requested should not be granted. The rule was to be returned on April 26, 1991. However, the trial court declined to address the motion for reconsideration, stating that once the notice of appeal to superior court had been filed, the trial court lacked jurisdiction to proceed further. *See* Pa.R.A.P. 1701.

*Barner v. Juniata County Tax Claim Bureau,* 104 Pa. Cmwlth. 468, 522 A.2d 169, 171 (1987), *alloc. den.* 515 Pa. 624, 531 A.2d 432 (1987). Where, as here, a party is appealing *pro se,* the party himself has the same duty to appear at pre-trial conferences as would an attorney representing him. 1 Goodrich Amram 2d § 212:9 (1991 ed.).

■ While "it has been postulated that under Pa.R.C.P. 212 a *plaintiff* who fails to appear at a pre-trial conference in contravention of a court order can be subject to a judgment of *non pros,*" *Broglie v. Union Township,* 319 Pa.Super. 141, 144, 465 A.2d 1269 (1983), *citing* 1 Goodrich Amram 2d § 212 (1976 edition), we can find no similar postulation that a *defendant* who fails to appear at a court-ordered pre-trial conference can be subject to dismissal of his lawsuit with prejudice. *See Associated Sprinkler Co. v. Giansante,* 286 Pa.Super. 8, 428 A.2d 211 (1981) (where defendant and his counsel failed to appear at *de novo* trial it was error for trial court to enter order for plaintiff without requiring plaintiff to present its case to court *ex parte* ). Indeed, 1 Goodrich–Amram 2d § 212:10 states:

> There is no penalty similar to a non pros or a stay of proceedings which may be imposed upon a *defendant's* attorney for failing to attend a pretrial conference. It would seem, however, that any party, whether plaintiff or defendant, *who without reasonable cause* fails to attend a pretrial conference in person or by an attorney subjects himself or herself to summary punishment for contempt of court. [footnote to 42 Pa.C.S.A. § 4132] [emphasis added].

■ Pennsylvania Rule of Civil Procedure 212 provides no sanctions for violation of its provisions. However, as the duty to appear at a pre-trial conference has been equated with the duty to appear at trial, *Lee, supra,* the sanctions embodied in Pennsylvania Rule of Civil Procedure 218[5]

---

5. Rule 218. Party Not Ready When Case is Called for Trial.
 (a) Where a case is called for trial, if without satisfactory excuse a plaintiff is not ready, the court may enter a nonsuit on motion of the defendant or a non pros on the court's own motion.

have been utilized. *See Walt–Medical v. Electro–Nucleon-ics,* 400 Pa.Super. 274, 276 at n. 1, 583 A.2d 492, 493 at n. 1 (1990). Unlike the Pennsylvania rule, Northampton Rule of Civil Procedure N212B [6] provides that a court may "impose such sanctions as it deems appropriate under the circumstances." While trial courts in the various counties are permitted to promulgate local rules to implement the state-wide rules, *see* Pa.R.C.P. 239, the local rules "shall not be inconsistent with any general rule of the Supreme Court or any Act of Assembly." Pa.R.C.P. 239(b)(1). As Pennsylvania Rule of Civil Procedure 218(b) authorizes dismissal of a *de novo* appeal *only when the defendant lacks a satisfactory excuse* for his failure to be prepared, it would be inconsistent for the Northampton Rules of Civil Procedure to afford a defendant less protection. Pa.R.C.P. 239(b)(1).

 Moreover, Pennsylvania Rule of Civil Procedure 126 provides that "[t]he rules *shall be liberally construed* to secure the *just,* speedy and inexpensive determination of every action or proceeding to which they are applicable." (emphasis added). Rule 128, entitled "Presumptions in Ascertaining the Intent of the Supreme Court" provides that "the Supreme Court does not intend a result that is absurd, impossible of execution *or unreasonable.*" Pa.R.C.P. 128(a) (emphasis added). Here, Arnott was appealing *pro se.* When Arnott failed to appear at a pre-trial conference, as ordered, the trial court immediately dismissed his *de novo* appeal, with prejudice. We find the imposition of such a drastic penalty, without affording Arnott an opportunity to explain his absence, unreasonable, Pa.R.C.P. 128, *supra,*

> (b) If *without satisfactory excuse* a defendant is not ready, the plaintiff may
> (1) proceed to trial, or,
> (2) if the case called for trial is an appeal from compulsory arbitration, either proceed to trial or request the court to dismiss the appeal and reinstate the arbitration award. (emphasis added)

**6.** The relevant portion of Rule N212B provides:
> (b) ... If a party or his counsel fails to attend a conference or to comply with the provisions of this rule, the Court may, upon motion of opposing counsel, or upon its own motion, impose such sanctions as it deems appropriate under the circumstances.

unjust, Pa.R.C.P. 126, *supra* and in direct contravention of the condition precedent of rule 218(b) (*"If without satisfactory excuse* a defendant is not ready, the plaintiff may ... request the court to dismiss the appeal and reinstate the arbitration award." (emphasis added)); *see Elcomp, supra,* (under Pa.R.C.P. 218(a) it is an abuse of discretion for trial court to enter a *non pros* judgment without some sort of fact-finding to determine whether absent party had a satisfactory excuse); *see also Christopher's Auto Parts v. Gilmore,* 410 Pa.Super. 541, 600 A.2d 585 (1991) (under Pa. R.C.P. 218(b), where appellant fails to appear at *de novo* trial some sort of fact-finding must take place to determine whether appellant was absent without satisfactory excuse before court may reinstate arbitration award).

In his memorandum opinion, the judge stated that "Mr. Arnott has been guilty of dilatory, obdurate and vexatious conduct. As the docket entries indicate, Mr. Arnott continued the arbitration hearing twice before finally losing before a board of arbitrators." A review of the record reveals that Stock did not oppose Arnott's first request for a postponement of the arbitration hearing, which was apparently due to a scheduling conflict. Stock did object when Arnott requested a second postponement, stating that "Plaintiffs wish to move forward with this matter." However, as Arnott's wife had to be in the hospital for testing due to complications in her pregnancy on the scheduled arbitration date, the second postponement was also granted. In registering his opposition to the second postponement, Stock made no allegations of bad faith on Arnott's part, raised no questions as to the validity of the stated reason for the requested postponement, and made no intimations that the postponement was merely a stalling tactic. There is no indication that Arnott missed filing deadlines, petitioned the court to amend pleadings beyond the amendment period, or engaged in any questionable practices or dilatory tactics. We simply find no basis in the record for the trial court's conclusion that Arnott is "guilty of dilatory, obdurate and vexatious conduct."

While we share the trial court's interest in the expeditious administration of justice, we are mindful of our supreme court's admonition that

it must always be borne in mind that lawsuits are more than numbers or punches in computer cards. Individual cases are, of course, of great importance to the litigants involved, and courts must not overreach in their zeal to move cases to such an extent as to allow for no deviations from strict and literal adherence to policies justifiably laid down to improve the condition of the courts.

*Budget Laundry Co. v. Munter et al,* 450 Pa. 13, 21–22, 298 A.2d 55, 58 (1972). Moreover, "the quality of justice must not be subordinated to arbitrary insistance upon compliance with procedural rules." *Dublin Sportswear v. Charlett,* 485 Pa. 633, 639, 403 A.2d 568, 571 (1979).

▮▮▮▮ Here, when the trial court dismissed Arnott's appeal with prejudice, it permanently precluded Arnott from having a jury hear his case. Article One, Section Six of the Pennsylvania Constitution provides that "[t]rial by jury shall be as heretofore and the right thereof shall remain inviolate." Nevertheless, the right to a jury trial may be waived either expressly or by implication. *Keisling v. Carlynton School District,* 99 Pa.Cmwlth. 201, 204, 512 A.2d 1346, 1348 (1986), *alloc. den.* 513 Pa. 636, 520 A.2d 1386 (1987). This court has held that "[i]f a defendant fails to respond to the notice of a *trial* he forecloses himself from complaining later that he did not have a jury trial." *McFarlane v. Hickman,* 342 Pa.Super. 240, 246, 492 A.2d 740, 743 (1985), *citing Lovering v. Erie Indemnity Co.,* 412 Pa. 551, 195 A.2d 365 (1963) (emphasis added). The trial court cites no authority for the proposition that, *without being given an opportunity to explain,* a defendant who fails to appear at a court-ordered pre-trial conference waives his right to a jury trial. *Cf.* Pa.R.C.P. 218, *supra; Elcomp, supra; Christopher's Auto Parts, supra.* Although there are many alternative sanctions which would not preempt Arnott's constitutional right to a jury trial, such as the imposition of fines, *see* 42 Pa.C.S.A. § 4132(2)

(enabling court to impose summary punishments for "[d]isobedience or neglect by officers, parties, jurors or witnesses of or to the lawful process of the court."), or the assessment of the legal fees Stock incurred in having his attorney appear at the pre-trial conference, there is no indication the trial court considered anything but dismissal. *See Medve v. Walakovits,* 305 Pa.Super. 75, 451 A.2d 249 (1982), *cert. denied, Orloski v. Mellenberg,* 461 U.S. 945, 103 S.Ct. 2123, 77 L.Ed.2d 1303 (1983).

We conclude that the trial court misapplied the law and thereby abused its discretion in dismissing Arnott's appeal without first determining whether he had a satisfactory excuse for failing to appear at the pre-trial conference. *Elcomp, supra; Christopher's Auto Parts, supra;* Pa. R.C.P. 218, *supra;* Pa.R.C.P. 239(b)(1), *supra.* We, therefore, reverse the trial court order dismissing the appeal with prejudice and remand to the trial court for proceedings consistent with this opinion.

Order reversed and case remanded to the trial court. Jurisdiction relinquished.