**Danita M. GREEN, Appellant,**

v.

**HARMONY HOUSE NORTH 15TH STREET HOUSING ASSOCIATION, INC. and Philadelphia Housing Development Corporation and City of Philadelphia Office of Housing and Community Development.**

Commonwealth Court of Pennsylvania.

Submitted Oct. 18, 1996.
Decided Nov. 12, 1996.

---

Danita M. Green, Pro Se, appellant.

Nanci Olivere Weber, Philadelphia, for appellee, Harmony House.

Beverly L. Penn, Philadelphia, for appellee, Philadelphia Housing Development Corp.

Alan C. Ostrow, Deputy City Solicitor, Philadelphia, for appellee, City of Philadelphia.

BEFORE McGINLEY and FRIEDMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Danita M. Green appeals from the order of the Court of Common Pleas of Philadelphia County that denied Green's petition to vacate the dismissal of her appeal against Harmony House, North 15th Street Housing Association, Inc., Philadelphia Housing Development Corp. (PHDC) and City of Philadelphia, Office of Housing and Community Development (OHCD) (collectively, Appellees). We affirm.

Green filed a *pro se* complaint alleging that Appellee Harmony House, a non-profit corporation, breached a membership contract concerning a housing lease. This allegedly occurred following meetings with officials from Harmony House. Green made no spe-

cific allegations in her complaint against either Appellee PHDC or Appellee OHCD.

The case proceeded to compulsory arbitration where PHDC and OHCD received compulsory non-suits. The arbitrators ruled against Green on her claim and ruled in favor of Harmony House on its counterclaim in the amount of $1,515.00. Green thereafter appealed.

At the time of the appeal, the parties were ordered to appear at a pre-trial status conference on August 7, 1995. Green and the attorneys for Appellees appeared. At the status conference, the trial judge ordered the parties to again appear at a mandatory pre-trial conference on Monday, November 13, 1995, one week before the scheduled trial.

On November 13, 1995, attorneys for Appellees appeared; however, without explanation, Green failed to appear. This resulted in the trial judge dismissing the appeal. Green then filed a petition to vacate the dismissal which Appellees opposed. The trial judge denied the petition and Green now appeals to this Court.[1]

█ On appeal to this Court,[2] Green asserts that she was denied her constitutionally protected due process rights by the trial court's failure to allow her to proceed in her appeal. Green also asserts that as a *pro se* litigant she was disadvantaged because of the structured legal system and that because no prejudice was shown by Appellees, the trial court abused its discretion by failing to open default judgment.

█ A petition to vacate the dismissal of an arbitration appeal for failure to attend a pre-trial conference is the equivalent of a petition to open a judgment of non-pros. Such a petition is committed to the discretion of the trial court.

The question of granting a judgment of non-pros terminating an action on account of the plaintiff's failure to proceed to trial with due diligence is addressed to the discretion of the trial court, and an appellate court will interfere with such exercise of discretion only to correct an abuse of discretion.

*Richards v. Swift,* 241 Pa.Superior Ct. 359, 361 A.2d 688 (1976). In order to open a non-suit, in addition to filing a timely petition, the moving party has the burden of reasonably explaining or excusing the failure to appear, and must allege a cause of action against the non-moving party. *Narducci.*

█ Here, Green has failed to reasonably explain or excuse her failure to appear at the pre-trial conference. Before the trial court, Green argued that she did not remember the scheduled pre-trial conference. Before this Court, Green gives no explanation for her failure to appear at the pre-trial conference. Green simply claims that rules are too complicated for a *pro se* party to understand and thus, she should be excused from following the rules. However, early on in this Commonwealth's legal history, the Supreme Court began promulgating rules of procedure consistent with the Pennsylvania Constitution. Pa. Const. art. V, § 10(c). The fact that Green decided to be her own lawyer does not excuse her from failing to follow the rules of civil and/or appellate procedure. "The right of self-representation is not a license ... not to comply with relevant rules of procedure and substantive law." *Faretta v. California,* 422 U.S. 806, 834 n. 46, 95 S.Ct. 2525, 2541 n. 46, 45 L.Ed.2d 562 (1975). Our Supreme Court in *Peters Creek Sanitary Authority v. Welch,* 545 Pa. 309, 681 A.2d 167, 170 (1996) n. 5, again enunciated its position as to *pro se* litigants citing *Vann v. Unemployment Compensation Board of Review,* 508 Pa. 139, 494 A.2d 1081 (1985)(*pro se* litigant must to some extent assume the risk that his lack of legal training will prove his undoing); *Commonwealth v. Abu–Jamal,* 521 Pa. 188, 200, 555 A.2d 846, 852 (1989)(*pro se* litigant "is subject to the same rules of procedure as is a counseled defendant); he has no greater right to be heard than he would have if he were repre-

---

1. This case was originally appealed to the Superior Court but was thereafter transferred to this Court.

2. A trial court's decision to affirm a judgment of non-pros will be sustained unless the trial court committed a manifest abuse of discretion. *Narducci v. Mason's Discount Store,* 518 Pa. 94, 541 A.2d 323 (1988).

sented by an attorney" and finally, *Jones v. Rudenstein,* 401 Pa.Superior Ct. 400, 585 A.2d 520 *appeal denied,* 529 Pa. 634, 600 A.2d 954 (1991)(*pro se* litigant not absolved of complying with procedural rules).

 The law requires a litigant to appear at a pre-trial conference the same as it requires appearance at trial under Pa.R.C.P. No. 218. *Anderson v. Pennsylvania Financial Responsibility Assigned Claims Plan,* 432 Pa.Superior Ct. 54, 637 A.2d 659 (1994). Where a litigant is representing herself, it is incumbent upon her to appear at trial or at a conference when notified of this by the court or when notice is published in the *Legal Intelligencer. Abraham Zion Corp. v. After Six, Inc.,* 414 Pa.Superior Ct. 611, 607 A.2d 1105 (1992), *allocatur denied,* 533 Pa. 628, 621 A.2d 576 (1993). Where a *pro se* litigant fails to appear at a pre-trial conference after having been given notice of the conference by the court, a judgment of non-pros is properly entered where the litigant through his own fault fails to attend. *Rose v. Allentown Morning Call,* 427 Pa.Superior Ct. 84, 628 A.2d 441 (1993), *allocatur denied,* 537 Pa. 623, 641 A.2d 588 (1994). Therefore, based upon well-settled law, we hold that the trial court did not err in refusing to grant Green's petition to vacate the dismissal of her appeal.

Accordingly, we affirm.

### ORDER

AND NOW, this 12th day of November, 1996, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.