Rosemary BENNETT, Appellant,

v.

HOME DEPOT U.S.A. INC., Appellee.

Superior Court of Pennsylvania.

Argued Oct. 18, 2000.
Filed Dec. 14, 2000.

Joseph J. Aversa, Philadelphia, for appellent.

Jaime F. Rosenman, Philadelphia, for appellee.

Before McEWEN, President Judge, TODD and MONTEMURO *, JJ.

* Retired Justice assigned to Superior Court.

TODD, J.:

¶1 Following counsel's inadvertent absence from a pretrial settlement conference, the trial court dismissed Appellant Rosemary Bennett's *de novo* appeal of an arbitration award in favor of Appellee Home Depot U.S.A. Inc. ("Home Depot"), and denied Bennett's motion to vacate the dismissal. Finding this to be an abuse of discretion, we reverse.

¶2 In this personal injury case brought by Bennett, who was struck by falling storage containers at a Home Depot store, the arbitrators found for Home Depot. Bennett appealed the award to the Court of Common Pleas of Philadelphia County. At a status conference in July 1999, counsel for both parties were notified orally of a December 23, 1999 pretrial settlement conference.

¶3 Bennett's counsel failed to appear at the December settlement conference and it appears that no effort was made by the court or opposing counsel to contact counsel at the time. As a result, on January 6, 2000, the trial court dismissed Bennett's arbitration appeal and reinstated the arbitration award in favor of Home Depot. On January 20, 2000, Bennett filed a motion to vacate the dismissal, stating that counsel's paralegal had inadvertently neglected to record the date of the conference in counsel's schedule. The trial court concluded, without a hearing, that Bennett's excuse was unsatisfactory and, on March 3, 2000, denied her motion. Bennett filed this timely appeal.

¶4 On appeal, Bennett asks:

Did not the Trial Court abuse its discretion by dismissing the action because of plaintiff's counsel's uncharacteristic failure to attend a Pre–Trial Settlement Conference, when the Record reveals that: (1) counsel's failure to attend was caused by an isolated and unintentional mistake in the scheduling procedures in his office; and (2) the mistake was evidence of neither dilatory, vexatious, nor obdurate behavior; rather, at *all* other times in the over two-year history of the litigation, counsel and client had pursued the action with timeliness, diligence and zeal?

(Brief for Appellant, at 2.) [1]

¶5 We will not reverse a trial court's dismissal of an action absent an abuse of discretion. *Stock v. Arnott,* 415 Pa.Super. 113, 608 A.2d 552, 554 (1992). An abuse of discretion is more than an error of judgment; it occurs when "the law is overridden or misapplied, or when the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias or ill will." *Id.* Further, a plaintiff seeking relief from a judgment of non pros must show (1) that the petition was timely filed, (2) a reasonable explanation or excuse for the default or delay, and (3) a meritorious cause of action. *See Petrone v. Whirlwind, Inc.,* 444 Pa.Super. 477, 664 A.2d 172, 174 (1995). It is undisputed that elements one and three are satisfied; therefore, we are concerned only with the excuse given by counsel in light of the circumstances surrounding the dismissal.

¶6 The trial court dismissed Bennett's appeal pursuant to Rule 218 of the Pennsylvania Rules of Civil Procedure, which provides:

**Party Not Ready When Case is Called for Trial**

(a) Where a case is called for trial, if without satisfactory excuse a plaintiff is not ready, the court may enter a nonsuit on motion of the defendant or a non pros on the court's own motion.

(b) If without satisfactory excuse a defendant is not ready, the plaintiff may

(1) proceed to trial, or,

---

1. Bennett additionally asserts that the dismissal was contrary to Pennsylvania law and asserts other variations on her abuse of discretion argument. (Brief for Appellant, at 2.) However, we need not address these issues separately as we find that they are subsumed within Bennett's above-stated contention.

(2) if the case called for trial is an appeal from compulsory arbitration, either proceed to trial or request the court to dismiss the appeal and reinstate the arbitration award.

(c) A party who fails to appear for trial shall be deemed to be not ready without satisfactory excuse.

Pa.R.C.P. 218. Rule 212.3, which governs pretrial conferences, does not provide sanctions for a failure to attend. However, while Rule 218 by its language applies only at trial, this Court has repeatedly held that attendance at pretrial conferences is also governed by Rule 218. *See, e.g., Kalantary v. Mention,* 756 A.2d 671, 674 (Pa.Super.2000). Therefore, under the precedents of this Court, the trial court had the power under Rule 218 to dismiss the appeal for Bennett's counsel's failure to attend the pretrial conference. We find, however, that the trial court abused its discretion in dismissing her appeal, and again in failing to grant her motion to vacate the dismissal.

¶ 7 In her motion to vacate the dismissal, Bennett stated that counsel failed to appear due to an inadvertent mistake, i.e., that counsel's paralegal failed to record the pretrial conference on counsel's calendar. As noted above, the record reveals no attempt on the part of the court to contact counsel before dismissing the appeal. There was no suggestion by the trial court that counsel's behavior was part of a pattern of misconduct or abuse. There is no allegation that the opposing party would be prejudiced by a delay. The trial court did not conduct a hearing, either before dismissing the appeal or on Bennett's motion to vacate the dismissal, in which it could have fully reviewed the appropriateness of the dismissal. Most importantly, there is no indication that the trial court gave any consideration to lesser sanctions.

¶ 8 In *Kalantary, supra,* this Court reversed the entry of default judgment under Rule 218 against a defendant where defendant's counsel failed to appear at a pretrial conference. We stated:

The Pretrial Conference Rule [212] does not provide any means of enforcing an attorney's duty to attend and does not sanction the entry of a default judgment against a party because of the failure of the party's attorney to appear. It has been postulated, however, that under the rule, a plaintiff who fails to appear either in person or through an attorney at a pretrial conference in contravention of a court order can be subject to a judgment of non pros.

A trial court may not deny a party's right to a jury trial because his or her attorney failed to attend a pretrial conference; there are many alternative sanctions which would not pre-empt the innocent litigant's constitutional right to a jury trial, including the imposition of fines against the attorney, as well as the assessment of the opposing party's legal fees against the attorney who misses a conference due to his or her own negligence....

\* \* \*

A court faced with a plaintiff who does not appear at a pretrial conference either in person or through an attorney might enter an order striking a case from a trial list, if it is already listed, and staying further proceedings on the part of the plaintiff until he or she conforms to the order to hold a pretrial conference....

There is no penalty similar to a non pros or a stay of proceedings which may be imposed upon a defendant's attorney for failing to attend a pretrial conference. It would seem, however, that any party, whether plaintiff or defendant, who without reasonable cause fails to attend a pretrial conference in person or by an attorney subjects himself or herself to summary punishment for contempt of court.

*Kalantary,* 756 A.2d at 674–75 (quoting 1 Goodrich Amram–Standard Pennsylvania

Practice 2d §§ 212.3:9–10). We concluded that the only sanctions available to the trial court to punish the defendant were fines, attorney's fees to the inconvenienced party, and contempt. Where a plaintiff's counsel fails to appear, *Kalantary* suggests that additional sanctions could include striking a case from a trial list or staying further proceedings. In the instant case, while a dismissal and reinstatement of the arbitration award was technically permissible under Rule 218, we believe that under the circumstances of this case the sanctions described in *Kalantary* would have been the appropriate means of punishing counsel's behavior, and that a judgment of dismissal was an abuse of discretion.

¶ 9 In its decision, the trial court relied on *Anderson v. Pennsylvania Fin. Responsibility Assigned Claims Plan*, 432 Pa.Super. 54, 637 A.2d 659 (1994), for its conclusion that its action was not an abuse of discretion. (Trial Court Opinion, 6/29/00, at 2–3.) However, we find *Anderson* to be distinguishable from the present case. In *Anderson*, the trial court dismissed plaintiff's appeal from an adverse arbitration award after his counsel failed to appear at a second, rescheduled, settlement conference. However, unlike here, in *Anderson*, the trial court attempted to contact counsel and only after his whereabouts could not be determined did the court dismiss the appeal. *Id.* at 661. Further, in *Anderson*, this Court admonished appellant for failing to pursue a formal motion to vacate the appeal, thus limiting this Court's ability to review counsel's excuses for his failure to appear. *Id.* at 661–62. It was in this context that this Court found the trial court's dismissal not to be an abuse of discretion.

¶ 10 In addition, in other recent cases of this Commonwealth which affirm the dismissal of a suit or arbitration appeal for the failure of counsel to attend a pretrial conference, either no excuse was given, or counsel's failure to appear was compounded by other conduct. *See City of Philadelphia Water Revenue Bureau v. Frempong*, 744 A.2d 822 (Pa.Cmwlth.2000) (no excuse given by litigant); *First Union Mortg. Corp. v. Frempong*, 744 A.2d 327 (1999) (counsel failed to appear at conference and at trial); *Green v. Harmony House Housing Ass'n*, 684 A.2d 1112 (1996) (no excuse given by *pro se* litigant except that the rules were "too complicated").

¶ 11 Finally, we reiterate our expression in *Stock v. Arnott*, 415 Pa.Super. 113, 608 A.2d 552, 556 (1992):

> While we share the trial court's interest in the expeditious administration of justice, we are mindful of our supreme court's admonition that
>
>> it must always be borne in mind that lawsuits are more than numbers or punches in computer cards. Individual cases are, of course, of great importance to the litigants involved, and courts must not overreach in their zeal to move cases to such an extent as to allow for no deviations from strict and literal adherence to policies justifiably laid down to improve the condition of the courts.
>
> *Budget Laundry Co. v. Munter et al*, 450 Pa. 13, 21 22, 298 A.2d 55, 58 (1972). Moreover, "the quality of justice must not be subordinated to arbitrary insistence upon compliance with procedural rules." *Dublin Sportswear v. Charlett*, 485 Pa. 633, 639, 403 A.2d 568, 571 (1979).

*Id.* at 556.

¶ 12 We thus conclude that it was an abuse of discretion for the trial court to dismiss Bennett's arbitration appeal for her counsel's failure to attend a pretrial conference where the failure was inadvertent, where it was not part of a pattern of abuse, where the court made no attempt to contact counsel, where there was no prejudice, and where other less severe sanctions were available to promote the court's interest in controlling its docket but without unnecessarily infringing upon a litigant's right to a jury trial. For the same reasons, we conclude that the trial court

abused its discretion in denying Bennett's motion to vacate the dismissal.

¶ 13 We therefore reverse the order of the trial court denying Bennett's motion to vacate the dismissal with instructions to grant the motion, reinstate the appeal, and impose appropriate sanctions, short of dismissal, for counsel's failure to appear at the pretrial conference.

¶ 14 Reversed and remanded with instructions. Jurisdiction relinquished.