Dalanda CRAWFORD

v.

SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY (SEPTA) and Elisheba Moore.

Selena Moon and Linda Williams,

v.

Elisheba Moore and John Doe and Southeastern Pennsylvania Transportation Authority (SEPTA).

Appeal of Selena Moon and Linda Williams.

Commonwealth Court of Pennsylvania.

Argued Oct. 4, 2000.

Decided May 3, 2001.

Jeffrey Campolongo, Philadelphia, for appellants.

Kevin R. McNulty, Philadelphia, for appellee, E. Moore.

Joan A. Zubras, Philadelphia, for appellee, SEPTA.

Before PELLEGRINI, Judge, FLAHERTY, Judge, and RODGERS, Senior Judge.

FLAHERTY, Judge.

This matter arises from an Order of the Court of Common Pleas of Philadelphia County (trial court), which dismissed the appeal of Selena Moon and Linda Williams (Appellants) from an arbitration award based upon the failure of Appellants' Counsel to appear at a pre-trial settlement conference. The trial court denied Appellants' subsequent petitions for relief and reconsideration. This appeal ensued and for the reasons contained herein, we reverse the trial court.

Appellants commenced a personal injury action after a motor vehicle collision involving a SEPTA bus and another vehicle. Following arbitration, the arbitrators' award was appealed to the trial court. A pre-trial settlement conference was scheduled for October 21, 1999 during which Counsel for Appellants did not appear. Consequently, the appeal was "dismissed for failure of Plaintiff to attend a court ordered settlement conference . . ." Trial Court Order dated October 28, 1999, R.R. at 58a.

■■■ Appellants then filed a timely Petition for Relief from Judgment of Non Pros, in which they averred that Counsel's lack of attendance at the conference "should be excused or tolerated by the Court" because "counsel was attached and detained in Federal Bankruptcy Court" on behalf of another client. Brief in Support of Petition, R.R. at 37a. This Petition, as well as Counsel's subsequent Petition for Reconsideration, was denied because the trial court, relying on *Anderson v. Pennsylvania Fin. Responsibility Assigned Claims Plan,* 432 Pa.Super. 54, 637 A.2d 659 (1994), found that Counsel "knowingly failed to attend. . ." and "failed to notify the court or opposing counsel as to his inability to attend the settlement conference." Trial Court Opinion at 4, R.R. at 70a. Appellants contend that the trial court's refusal to rescind the entry of non pros was an abuse of discretion because "[t]he Court wholly failed to balance the equities or consider to what extent Appellants' Counsel acted in bad faith, or inflicted prejudice on any other parties." [1] Appellants' Brief at 14. As a result of Counsel's absence, the harshest of sanctions, dismissal, has been imposed upon the litigants. [2]

■■ A party is under the same duty to appear at a scheduled pre-trial conference as to appear at trial. *City of Philadelphia, Water Revenue Bureau v. Frempong,* 744 A.2d 822, 824 (Pa.Cmwlth.2000) (citing *Anderson v. Financial Responsibility Assigned Claims Plan,* 432 Pa.Super. 54, 637 A.2d 659 (1994)). Rule 218 of the Pennsylvania Rules of Civil Procedure provides the following consequences for failing to appear:

Rule 218. Party Not Ready When Case is Called for Trial

(a) Where a case is called for trial, if without satisfactory excuse a plaintiff is not ready, the court may enter a nonsuit on motion of the defendant

---

1. We find this issue subsumed in Appellants' Statement of the Question Involved: "Whether the trial court's refusal to rescind the entry of a non pros dismissal and failure to reconsider Plaintiffs' Motion to Strike the Non Pros was an abuse of discretion." Appellants' Brief at 7.

2. The trial court's refusal to vacate the dismissal of an appeal for failure to attend a pre-trial conference will be sustained unless the court committed a manifest abuse of discretion. *City of Philadelphia, Water Revenue Bureau v. Frempong,* 744 A.2d 822, 824 n. 4 (Pa.Cmwlth.2000).

or a non pros on the court's own motion.

(b) If without satisfactory excuse a defendant is not ready, the plaintiff may

(1) proceed to trial, or,

(2) if the case called for trial is an appeal from compulsory arbitration, either proceed to trial or request the court to dismiss the appeal and reinstate the arbitration award.

(c) A party who fails to appear for trial shall be deemed to be not ready without satisfactory excuse.

*Note*

The mere failure to appear for trial is a ground for the entry of a nonsuit or a judgment of non pros or the reinstatement of a compulsory arbitration award. Pa. R.C.P. No. 218. The trial court, therefore, has the *authority* to dismiss Appellants' appeal from arbitration for their Counsel's failure to appear at the pre-trial conference.

The parties in this matter have devoted a substantial portion of their arguments on whether Appellants' Counsel provided a reasonable explanation or excuse for failing to appear at the pre-trial conference. The trial court and Appellee Moore examined Counsel's explanation under Rule 218, while Appellant and Appellee SEPTA implicate the "reasonable explanation" requirement under Rule 3051.[3] These arguments do not adequately address Appellant's underlying contention that dismissal

of their appeal as a sanction by the trial court under Rule 218 was an abuse of discretion.

Recently, the Pennsylvania Superior Court has published two opinions with fact patterns that are strikingly similar to that before us. *Bennett v. Home Depot U.S.A., Inc.,* 764 A.2d 605 (Pa.Super.2000); *Shin v. Brenan,* 764 A.2d 609 (Pa.Super.2000). In both decisions, the inadvertent absence of counsel during a pre-trial settlement conference resulted in dismissal of an appeal of an arbitration award, which the Superior Court found was an abuse of discretion.[4] *Id.* As with *Shin* and *Bennett,* the record reveals no attempt on the part of the trial court to contact Counsel before dismissing the appeal. There is no suggestion by the trial court that Counsel's behavior was part of a pattern of misconduct or abuse. There is no allegation that the opposing party would be prejudiced by a delay. The trial court did not conduct a hearing, either before dismissing the appeal or on Appellants' petition to reinstate the appeal, in which it could have fully reviewed the appropriateness of the dismissal. Most importantly, there is no indication that the trial court considered lesser sanctions. *See id.*

To determine whether dismissal of the appeal was an appropriate means of punishing Counsel's behavior or an abuse of discretion under these circumstances, we find Judge Todd's analysis in *Shin* and *Bennett* to be persuasive:

In its decision, the trial court relied on *Anderson v. Pennsylvania Fin. Respon-*

---

3. A petition for relief from judgement of non pros must allege the following:

   1) The petition if timely filed;
   2) There is a reasonable explanation or legitimate excuse for the inactivity or delay; and
   3) There is a meritorious cause of action.
   Pa. R.C.P. No. 3051(b).

4. In *Bennett,* the inadvertent absence was caused by the failure of counsel's paralegal to record the pre-trial conference on counsel's calendar. *Bennett v. Home Depot U.S.A., Inc.,* 764 A.2d 605, 607 (Pa.Super.2000). In *Shin,* the inadvertent absence was caused by the failure of counsel to note the date of the conference on his calendar. *Shin v. Brenan,* 764 A.2d 609, 611 (Pa.Super.2000).

*sibility Assigned Claims Plan,* 432 Pa.Super. 54, 637 A.2d 659 (1994), for its conclusion that its action was not an abuse of discretion. [Trial Court Opinion dated March 27, 2000 at 3–4, R.R. at 69a–70a]. However, we find *Anderson* distinguishable from the present case. In *Anderson,* the trial court dismissed plaintiff's appeal from an adverse arbitration award after his counsel failed to appear at a second, rescheduled, settlement conference. However, unlike here, in *Anderson,* the trial court attempted to contact counsel and only after his whereabouts could not be determined did the court dismiss the appeal. *Id.* at 661. Further, in *Anderson* this Court admonished appellant for failing to pursue a formal motion to vacate the appeal, thus limiting this Court's ability to review counsel's excuses for his failure to appear. *Id.* at 661–62. It was in this context that this Court found the trial court's dismissal not to be an abuse of discretion.

In addition, in other recent cases of this Commonwealth which affirm the dismissal of a suit or arbitration appeal for the failure of counsel to attend a pretrial conference, either no excuse was given, or counsel's failure to appear was compounded by other conduct. *See City of Philadelphia Water Revenue Bureau v. Frempong,* 744 A.2d 822 (Pa.Cmwlth. 2000) (no excuse given by litigant); *First Union Mortg. Corp. v. Frempong,* 744 A.2d 327 (Pa.Super.1999) (counsel failed to appear at conference and at trial); *Green v. Harmony House Housing Ass'n,* 684 A.2d 1112 (Pa.Cmwlth. 1996) (no excuse given by *pro se* litigant except that the rules were "too complicated").

Finally, we reiterate [the Superior Court's] expression in *Stock v. Arnott,*

415 Pa.Super. 113, 608 A.2d 552, 556 (1992):

> While we share the trial court's interest in the expeditious administration of justice, we are mindful of our supreme court's admonition that it must always be borne in mind that lawsuits are more than numbers or punches in computer cards. Individual cases are, of course, of great importance to the litigants involved, and courts must not overreach in their zeal to move cases to such an extent as to allow for no deviations from strict and literal adherence to policies justifiably laid down to improve the condition of the courts. *Budget Laundry Co. v. Munter,* 450 Pa. 13, 21–22, 298 A.2d 55, 58 (1972). Moreover, "the quality of justice must not be subordinated to arbitrary insistence upon compliance with procedural rules." *Dublin Sportswear v. Charlett,* 485 Pa. 633, 639, 403 A.2d 568, 571 (1979).

*Id.* at 608.

*Bennett,* 764 A.2d at 608; *Shin,* 764 A.2d at 612. The Superior Court concluded that although dismissal and reinstatement of the arbitration award was technically permissible pursuant to Rule 218, under the circumstances, the only sanctions available to punish the defendant were fines, attorney's fees to the inconvenienced party, and contempt. *Bennett,* 764 A.2d at 608; *Shin,* 764 A.2d at 612 (citing *Kalantary v. Mention,* 756 A.2d 671, 674–75 (Pa.Super.2000)).

In the matter *sub judice,* the trial court stated in its 1925(a) statement that "on appeal and for the first time, counsel argues that he *communicated* his scheduling conflict with [the] settlement master ... the same day as the settlement conference." [5] Trial Court Opinion at 4, R.R. at

5. Appellants' Counsel first raises this point in the Petition for Reconsideration. While

70a (emphasis added). The court further averred that Counsel's failure to argue this point in his "motion to strike" should be waived and, therefore, not considered by this Court. *Id.* We agree. "A petition for reconsideration asks the court to reconsider its order in light of the record it previously considered." *Conaway v. 20th Century Corporation,* 491 Pa. 189, 197, 420 A.2d 405, 409 (1980). The conclusion of the trial court, however, does not address Counsel's assertion in his Brief in Support of Petition for Relief from Judgement of Non Pros that he was *detained* in Federal Bankruptcy Court, thereby causing his absence at the conference. R.R. 37a. An unanticipated delay by the Bankruptcy Court strongly suggests that Counsel's absence was non-intentional or inadvertent.

Given the circumstances surrounding Counsel's absence and the sanction applied, we conclude that it was an abuse of discretion for the trial court to dismiss Appellants' arbitration appeal for their Counsel's failure to attend a pretrial conference where the failure was inadvertent, was caused by his unanticipated delay while engaged in another court of record, where it was not part of a pattern of abuse, where the court made no attempt to contact Counsel, where there was no prejudice, and where other less severe sanctions were available to promote the trial court's interest in controlling its docket.

---

Counsel purports to have contacted the settlement master on the day of the conference, it is inconclusive whether such contact was before or after the scheduled conference. *See* Appellants' Petition for Reconsideration, Ex-

For the same reasons, we conclude that the trial court abused its discretion in denying Appellants' Petition to Vacate the Dismissal. The Order of the trial court denying Appellants' Petition to Reinstate the Appeal is reversed with instructions to grant the Petition, reinstate the appeal, and impose appropriate sanctions short of dismissal, if deemed advisable for Counsel's failure to appear at the pre-trial conference.

### *ORDER*

AND NOW, this 3rd day of May, 2001, the Order of the Court of Common Pleas of Philadelphia, at June Term, 1998 No. 1892, dated December 15, 1999, denying the Petition of Selena Moon and Linda Williams for Relief from Judgement of Non Pros is hereby reversed and this matter is remanded with instructions to grant the Petition, reinstate the Appeal from Arbitrator's Award, and to impose appropriate sanctions not including dismissal, if deemed advisable for Counsel's failure to appear at the pre-trial conference.

Jurisdiction relinquished.

---

hibit E (Affidavit of Holland, dated January 7, 2000), R.R. at 62a–63a.