J-S55036-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| BARRY E. SHELLEY, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| MARK MANKAMYER AND CLAY | : | |
| SECURITY SERVICE, | : | |
| | : | |
| Appellees | : | No. 582 WDA 2015 |

Appeal from the Order Entered March 5, 2015
in the Court of Common Pleas of Somerset County,
Civil Division, at No(s): Civil No. 314 2000

BEFORE:   FORD ELLIOTT, P.J.E., BENDER, P.J.E, and STRASSBURGER,* J.

MEMORANDUM BY STRASSBURGER, J.:          **FILED SEPTEMBER 28, 2015**

Barry E. Shelley (Plaintiff) appeals from the order which dismissed with prejudice his case against Appellees Mark Mankamyer and Clay Security Service (Defendants).  We affirm.

The trial court summarized the history of this case as follows.

> The case was commenced on May 16, 2000 by Plaintiff against Defendant[s].  [D]efendants were served on May 19, 2000 and May 22, 2000.  No action was taken by either party, and accordingly, on August 11, 2005 the court issued a notice of proposed termination of court case, following which [P]laintiff filed a statement of intention to proceed on October 21, 2005.  Again, on October 2, 2007 the court issued a notice of proposed termination of court case which was followed by a second statement of intention to proceed filed by Plaintiff.  On October 1, 2014 a third notice of proposed termination of court case was issued, and written objections with notice of intention to proceed were filed by Plaintiff on November 13, 2014.  On December 10, 2014 the court called the case for inactive hearing and pursuant to the October 1, 2014 notice the court continued the case until

---

*Retired Senior Judge assigned to the Superior Court.

the next regular inactive hearing date. The court did, however, issue a scheduling order on November 14, 2014 for the conduct of a case management conference to be held on March 3, 2015. Without any further notice from the Plaintiff and upon his failure to appear for the case management conference, the court, on its own accord,[1] dismissed the case with prejudice. In summary, the matter resided on the docket for 15 years without the filing of a complaint or any docket activity other than the court's issuance of the notice to terminate the case pursuant to its periodic inactive case review. Plaintiff[] filed his notice of appeal on April 1, 2015. The court issued a Rule 1925 notice to Plaintiff directing that he file a concise statement of matters complained of on appeal.

Trial Court Opinion, 5/8/2015, at unnumbered pages 1-2 (unnecessary capitalization omitted).

Plaintiff timely filed a Rule 1925(b) statement to which he attached a number of documents that were not part of the record, raising for the first time excuses for his absence from the case management conference and his lack of prosecution of the case. Plaintiff's statement of questions involved presents the same three statements: (1) that he was not released from the Conemaugh Memorial Medical Center on the date of the case management conference in time to attend the hearing; (2) that he has not received his file from a lawyer who died in 2010; and (3) that the whereabouts of Defendants have been unknown to him. Plaintiff's Brief at 3.

We conclude that Plaintiffs issues are waived.

---

[1] A transcript of the case management conference reveals that the trial court entered an order dismissing the case after asking Defendants what they would like to do with the case and receiving the answer: "I would move that it be dismissed." N.T., 3/3/2015, at 6.

> [A] Rule 1925(b) statement cannot resurrect an otherwise untimely claim or objection. Because issues not raised in the lower court are waived and cannot be raised for the first time on appeal, a 1925(b) statement can therefore never be used to raise a claim in the first instance. Pennsylvania law is clear that claims and objections that are not timely made are waived.

*Steiner v. Markel*, 968 A.2d 1253, 1257 (Pa. 2009) (internal citations omitted).

Plaintiff did not present the trial court with any of his claims, excuses, or objections prior to the filing of his notice of appeal and 1925(b) statement. Because the trial court did not have the opportunity to consider the claims in the first instance, they are waived in this Court. *Irwin Union Nat. Bank & Trust Co. v. Famous*, 4 A.3d 1099, 1104 (Pa. Super. 2010) (holding the appellant waived issues raised for the first time in its 1925(b) statement).

Even if the issues were not waived, we would affirm the trial court's decision. As noted by the trial court, the medical document Plaintiff submitted shows that some form of routine surgery was scheduled in February 2015 to take place on March 3, 2015. Although the case management conference was scheduled more than ten weeks before the scheduling of the surgery, and the surgery was scheduled more than three weeks before the date set for the case management conference, Plaintiff

failed to notify the trial court of the conflict. Trial Court Opinion, 5/8/2015, at unnumbered page 2.[2]

Dismissal of Plaintiff's 15-year-old case under these circumstances does not constitute an abuse of discretion.[3] **See**, **e.g.**, **First Union Mortgage Corp. v. Frempong**, 744 A.2d 327, 335 (Pa. Super. 1999) (holding trial court did not abuse its discretion in granting judgment against party who failed to appear at pretrial settlement conference where party did not have satisfactory excuse and "did not file a post-trial motion to strike or a petition to open judgment alleging the reason(s) he had failed to appear" prior to taking appeal).

Order affirmed.

---

[2] As noted by the trial court, the other documents supplied by Plaintiff with his 1925(b) statement show that (1) Plaintiff had more than five years to obtain his file from his attorney's office but failed to do so, and further failed to identify what bearing the file had on the instant case; and (2) Plaintiff clearly had access to the whereabouts of Defendants, as Defendants appeared at the case management conference based upon notice mailed by the court to the address contained in the court file. Trial Court Opinion, 5/8/2015, at unnumbered page 2-3.

[3] "We will not reverse a trial court's dismissal of an action absent an abuse of discretion." **Bennett v. Home Depot U.S.A. Inc.**, 764 A.2d 605, 606 (Pa. Super. 2000).

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 9/28/2015