J-A29042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROSEMARY G. GASIOR, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF JOSEPH M. GASIOR, DECEASED | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : | |
| ALBERT C. PARULIS, M.D.; SYED R. GILANI, M.D.; UPMC, a/k/a UNIVERSITY OF PITTSBURGH MEDICAL CENTER; UPMC BRADDOCK, a/k/a UNIVERSITY OF PITTSBURGH MEDICAL CENTER-BRADDOCK; UPMC EMERGENCY MEDICINE, INC., d/b/a EMERGENCY RESOURCE MANAGEMENT, INC.; AND UPMC PRESBYTERIAN SHADYSIDE, a/k/a UPMC SHADYSIDE | : : : : : : : : : : : : : | |
| APPEAL OF: ROSEMARY G. GASIOR | : | No. 665 WDA 2016 |

Appeal from the Order entered April 6, 2016
in the Court of Common Pleas of Allegheny County,
Civil Division, No(s): GD-12-3028

BEFORE: DUBOW, MOULTON and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:               **FILED DECEMBER 29, 2016**

Rosemary G. Gasior ("Gasior"), individually and as executrix of the Estate of Joseph M. Gasior, deceased, appeals from the April 6, 2016 Order granting the Motion to Dismiss filed by the above-captioned defendants ("Defendants"), and dismissing the action with prejudice. We affirm.

The trial court set forth the relevant factual and procedural history, which we adopt for the purpose of this appeal. *See* Trial Court Opinion, 6/10/16, at 1-2.

On appeal, Gasior raises the following issues for our review:

1. Whether the trial court committed reversible error and abused its discretion by ruling that Defendants' Motion was "not opposed" by [Gasior] when[,] in fact[,] it was opposed by [Gasior's] attorney at the hearing[,] and in [Gasior's] Response in Opposition[?]

2. Whether the trial court abused its discretion by misstating the facts on the record[,] and exercising judgment that was manifestly unreasonable and/or the result of prejudice and bias[?]

Brief for Appellant at 7-8.

"On appeal, we will not reverse a trial court's dismissal of an action with prejudice absent an abuse of discretion." **Stock v. Arnott**, 608 A.2d 552, 554 (Pa. Super. 1992). "An abuse of discretion is not merely an error in judgment; rather it occurs when the law is overridden or misapplied, or when the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias or ill will." **Id**.

In her first issue, Gasior contends that, when counsel for Defendants presented the Motion to Dismiss to the Honorable Ronald Folino ("Judge Folino"), her counsel was "waiting at the back of the courtroom to approach the bench with her Response in Opposition." Brief for Appellant at 20. Gasior asserts that "[Judge Folino] may have written 'not opposed' on the [O]rder before he saw [Gasior's] counsel approaching the bench, and if so, could easily have crossed out his notation and conducted the hearing with both parties present." **Id**. at 20-21. Gasior claims that Judge Folino abused his discretion by choosing to defer his authority to Defendants, rather than exercising his judicial authority independently. **Id**. at 21. Gasior argues

that Judge Folino's determination that the Motion was unopposed "was clearly based upon an erroneous finding of material fact." *Id*. Gasior contends that her counsel was "less than 15 minutes late due to a medical emergency," and "[Judge Folino] should not have dismissed [her] entire case on the basis of a few minutes delay." *Id*. at 22.[1]

In its Opinion, the trial court addressed Gasior's first issue, and determined that it was factually incorrect and lacked merit. *See* Trial Court Opinion, 6/10/16, at 2-4. We discern no abuse of discretion by the trial court, and affirm on this basis as to Gasior's first issue. *See id*.

In her second issue, Gasior contends that Judge Folino's June 10, 2016 Opinion "contains numerous misstatements of fact concerning the brief events of April 6, 2016." Brief for Appellant at 23. Gasior claims that numerous witnesses, as well as "her [counsel's] time-stamped parking ticket and [the] time-stamped Response in Opposition[,] also verify the times of

---

[1] Gasior also challenges Judge Folino's subsequent ruling that she could file her Response in Opposition if Defendants raised no objection to such filing. *See* Brief for Appellant at 21-22. As this issue was not raised in Gasior's Statement of Questions Presented, nor set forth in a separate discussion in the Argument section of her brief, we decline to address it. *See* Pa.R.A.P. 2116(a) (providing that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."); 2119(a) (providing that "[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.").

her [counsel's] arrival and departure …."[2]  *Id*.  Finally, Gasior argues that Judge Folino absued his discretion by permitting the Honorable Christine Ward ("Judge Ward") to be involved in her case, as Judge Ward had a conflict of interest due to her prior employment with the law firm representing Defendants in this case.  *Id*. at 24.[3]

The Argument section of Gasior's brief, as pertaining to her second issue, is completely lacking of any citation to legal authority in support of her argument, and fails to provide any analysis of pertinent authority. Accordingly, we are constrained to conclude that Gasior's second issue is waived.  *See Papadoplos v. Schmidt, Ronca & Kramer, PC.*, 21 A.3d 1216, 1229 (Pa. Super. 2011) (finding waiver where the appellants advanced only a cursory argument in support of their issue, and failed to cite to any pertinent legal authority).[4]

---

[2] Notably, the record is devoid of any witness statements or copies of the alleged time-stamped parking ticket.  This Court may not consider evidence that is not included in the certified record.  *See Ruspi v. Glatz*, 69 A.3d 680, 691 (Pa. Super. 2013).

[3] Additionally, Gasior challenges delays and periods of inactivity in the case. *See* Brief for Appellant at 23-24.  However, as these issues were not raised in her Concise Statement, she failed to preserve them for our review.  *See Korman Commercial Props. v. Furniture.com, LLC*, 81 A.3d 97, 102 (Pa. Super. 2013) (deeming as waived an issue that was not raised and preserved properly before the lower court in the concise statement); *see also* Pa.R.A.P. 302(a) (providing that issues not raised in the lower court are waived and cannot be raised for the first time on appeal).

[4] Even if we had not found waiver of Gasior's second issue, we would have determined that the issue lacks merit for the reasons set forth by the trial court in its Opinion.  *See* Trial Court Opinion, 6/10/16, at 4-5.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/2016