J-A32023-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| RUBEN POLLOCK, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| F & D INVESTORS, L.L.P., | : | |
| | : | |
| Appellee | : | No. 865 MDA 2017 |

Appeal from the Order Entered May 5, 2017
in the Court of Common Pleas of Berks County
Civil Division at No(s): 16-14209

BEFORE:    OTT, DUBOW, and STRASSBURGER,* JJ.

CONCURRING AND DISSENTING MEMORANDUM BY STRASSBURGER, J.:

**FILED MARCH 19, 2018**

I agree with the Majority that, pursuant to the factors outlined in ***City of Philadelphia v. FOP Lodge No. 5 (Breary)***, 985 A.2d 1259 (Pa. 2009), the trial court abused its discretion by discontinuing Appellant's case with prejudice.    Majority Memorandum at 4-7.    As the Majority explains, discontinuance of the entire case was an extreme sanction not warranted by the facts of this case.

Nevertheless, I write separately regarding two points.  First, I would not simply reverse the trial court's order.  Instead, I would vacate the order and remand this matter to permit the trial court to consider whether a lesser sanction may be appropriate.  While the trial court abused its discretion by discontinuing the action with prejudice, in my view, this does not mean that

_____
*Retired Senior Judge assigned to the Superior Court.

Appellant should not be sanctioned at all. The trial court found that instead of responding to discovery requests with an objection or obtaining a protective order, Appellant simply ignored the requests. Trial Court Opinion, 7/6/2017, at 4. Appellant did not contest this factual finding on appeal. Additionally, part of the reason for the sanction was the failure of Appellant's counsel to appear for a status conference. *Id.* While outright dismissal is too severe, other sanctions may be appropriate.[1] *See Bennett v. Home Depot U.S.A., Inc.*, 764 A.2d 605, 609 (Pa. Super. 2000) (reversing order which dismissed action as sanction for counsel's failure to appear at a pretrial conference and remanding with instructions to impose appropriate sanctions short of dismissal).

Second, I cannot join the Majority's footnote regarding the effect of the notice of appeal upon the trial court's jurisdiction. *See* Majority Memorandum at 3, n.3. The Majority states that because Appellant filed a notice of appeal on May 30, 2017, the trial court was divested of jurisdiction over the instant matter, rendering the trial court's July 6, 2017 order denying Appellant's motion for reinstatement a legal nullity. *Id.* I agree with the Majority that the July 6, 2017 order was a legal nullity, but the Majority's statement is too broad. The trial court discontinued the case with prejudice on May 5, 2017.

---

[1] Indeed, Appellant even acknowledges that the trial court had the ability to impose sanctions based upon counsel's action or inaction. Appellant's Brief at 27.

On May 15, 2017, Appellant filed a motion to strike the discontinuance and to reinstate the civil action. On May 30, 2017, Appellant filed a notice of appeal from the order discontinuing the matter. On July 6, 2017, the trial court issued an order denying Appellant's motion.

Pa.R.A.P. 1701 prohibits a trial court from proceeding further in the matter after an appeal is taken, but there are exceptions. Pa.R.A.P. 1701("Except as otherwise prescribed by these rules, after an appeal is taken …, the trial court may no longer proceed further in the matter."). One of those exceptions is set forth in Rule 1701(b)(3), which states in pertinent part the following:

> (b) Authority of a trial court or agency after appeal.—After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:
>
> > (3) Grant reconsideration of the order which is the subject of the appeal or petition, if:
> >
> > > (i) an application for reconsideration of the order is filed in the trial court … within the time provided or prescribed by law; and
> > >
> > > (ii) an order expressly granting reconsideration of such prior order is filed in the trial court … within the time prescribed by these rules for the filing of a notice of appeal …, or within any shorter time provided or prescribed by law for the granting of reconsideration.

Pa.R.A.P. 1701(b)(3).

Here, Appellant's May 15, 2017 motion, which was styled as a motion to strike the discontinuance and to reinstate the civil action, sought reconsideration of the trial court's order to discontinue the action with prejudice. Notwithstanding Appellant's filing of a notice of appeal, because Appellant's May 15, 2017 motion was timely filed and akin to a motion for reconsideration, the trial court could have ruled on the motion pursuant to Rule 1701(b)(3) if the court had entered an order expressly granting reconsideration within thirty days of its May 5, 2017 order discontinuing the case. The trial court did not enter such an order. Therefore, it is misleading to say simply that the notice of appeal divested the trial court of jurisdiction regarding Appellant's May 15, 2017 motion. Instead, the reason that the court did not have jurisdiction to enter its July 6, 2017 order w as that, prior to entering the order, it did not enter an order expressly granting reconsideration within the timeframes set forth in Rule 1701(b)(3).

Accordingly, I would vacate the order discontinuing the action and remand for imposition of appropriate sanctions short of dismissal.