J-A29042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROSEMARY G. GASIOR, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF JOSEPH M. GASIOR, DECEASED | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : | |
| ALBERT C. PARULIS, M.D.; SYED R. GILANI, M.D.; UPMC, a/k/a UNIVERSITY OF PITTSBURGH MEDICAL CENTER; UPMC BRADDOCK, a/k/a UNIVERSITY OF PITTSBURGH MEDICAL CENTER-BRADDOCK; UPMC EMERGENCY MEDICINE, INC., d/b/a EMERGENCY RESOURCE MANAGEMENT, INC.; AND UPMC PRESBYTERIAN SHADYSIDE, a/k/a UPMC SHADYSIDE | : : : : : : : : : : : : | |
| APPEAL OF: ROSEMARY G. GASIOR | : | No. 665 WDA 2016 |

Appeal from the Order entered April 6, 2016
in the Court of Common Pleas of Allegheny County,
Civil Division, No(s): GD-12-3028

BEFORE:  DUBOW, MOULTON and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED DECEMBER 29, 2016**

Rosemary G. Gasior ("Gasior"), individually and as executrix of the Estate of Joseph M. Gasior, deceased, appeals from the April 6, 2016 Order granting the Motion to Dismiss filed by the above-captioned defendants ("Defendants"), and dismissing the action with prejudice.  We affirm.

The trial court set forth the relevant factual and procedural history, which we adopt for the purpose of this appeal.  *See* Trial Court Opinion, 6/10/16, at 1-2.

On appeal, Gasior raises the following issues for our review:

1. Whether the trial court committed reversible error and abused its discretion by ruling that Defendants' Motion was "not opposed" by [Gasior] when[,] in fact[,] it was opposed by [Gasior's] attorney at the hearing[,] and in [Gasior's] Response in Opposition[?]

2. Whether the trial court abused its discretion by misstating the facts on the record[,] and exercising judgment that was manifestly unreasonable and/or the result of prejudice and bias[?]

Brief for Appellant at 7-8.

"On appeal, we will not reverse a trial court's dismissal of an action with prejudice absent an abuse of discretion." *Stock v. Arnott*, 608 A.2d 552, 554 (Pa. Super. 1992). "An abuse of discretion is not merely an error in judgment; rather it occurs when the law is overridden or misapplied, or when the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias or ill will." *Id*.

In her first issue, Gasior contends that, when counsel for Defendants presented the Motion to Dismiss to the Honorable Ronald Folino ("Judge Folino"), her counsel was "waiting at the back of the courtroom to approach the bench with her Response in Opposition." Brief for Appellant at 20. Gasior asserts that "[Judge Folino] may have written 'not opposed' on the [O]rder before he saw [Gasior's] counsel approaching the bench, and if so, could easily have crossed out his notation and conducted the hearing with both parties present." *Id*. at 20-21. Gasior claims that Judge Folino abused his discretion by choosing to defer his authority to Defendants, rather than exercising his judicial authority independently. *Id*. at 21. Gasior argues

- 2 -

that Judge Folino's determination that the Motion was unopposed "was clearly based upon an erroneous finding of material fact." *Id*. Gasior contends that her counsel was "less than 15 minutes late due to a medical emergency," and "[Judge Folino] should not have dismissed [her] entire case on the basis of a few minutes delay." *Id*. at 22.[1]

In its Opinion, the trial court addressed Gasior's first issue, and determined that it was factually incorrect and lacked merit. *See* Trial Court Opinion, 6/10/16, at 2-4. We discern no abuse of discretion by the trial court, and affirm on this basis as to Gasior's first issue. *See id*.

In her second issue, Gasior contends that Judge Folino's June 10, 2016 Opinion "contains numerous misstatements of fact concerning the brief events of April 6, 2016." Brief for Appellant at 23. Gasior claims that numerous witnesses, as well as "her [counsel's] time-stamped parking ticket and [the] time-stamped Response in Opposition[,] also verify the times of

---

[1] Gasior also challenges Judge Folino's subsequent ruling that she could file her Response in Opposition if Defendants raised no objection to such filing. *See* Brief for Appellant at 21-22. As this issue was not raised in Gasior's Statement of Questions Presented, nor set forth in a separate discussion in the Argument section of her brief, we decline to address it. *See* Pa.R.A.P. 2116(a) (providing that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."); 2119(a) (providing that "[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.").

her [counsel's] arrival and departure …."[2] *Id*. Finally, Gasior argues that Judge Folino absued his discretion by permitting the Honorable Christine Ward ("Judge Ward") to be involved in her case, as Judge Ward had a conflict of interest due to her prior employment with the law firm representing Defendants in this case. *Id*. at 24.[3]

The Argument section of Gasior's brief, as pertaining to her second issue, is completely lacking of any citation to legal authority in support of her argument, and fails to provide any analysis of pertinent authority. Accordingly, we are constrained to conclude that Gasior's second issue is waived. *See Papadoplos v. Schmidt, Ronca & Kramer, PC.*, 21 A.3d 1216, 1229 (Pa. Super. 2011) (finding waiver where the appellants advanced only a cursory argument in support of their issue, and failed to cite to any pertinent legal authority).[4]

---

[2] Notably, the record is devoid of any witness statements or copies of the alleged time-stamped parking ticket. This Court may not consider evidence that is not included in the certified record. *See Ruspi v. Glatz*, 69 A.3d 680, 691 (Pa. Super. 2013).

[3] Additionally, Gasior challenges delays and periods of inactivity in the case. *See* Brief for Appellant at 23-24. However, as these issues were not raised in her Concise Statement, she failed to preserve them for our review. *See Korman Commercial Props. v. Furniture.com, LLC*, 81 A.3d 97, 102 (Pa. Super. 2013) (deeming as waived an issue that was not raised and preserved properly before the lower court in the concise statement); *see also* Pa.R.A.P. 302(a) (providing that issues not raised in the lower court are waived and cannot be raised for the first time on appeal).

[4] Even if we had not found waiver of Gasior's second issue, we would have determined that the issue lacks merit for the reasons set forth by the trial court in its Opinion. *See* Trial Court Opinion, 6/10/16, at 4-5.

J-A29042-16

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/2016

- 5 -

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

ROSEMARY G. GASIOR, individually and )    CIVIL DIVISION
as Executrix of the ESTATE OF JOSEPH M. )    No.GD 12-003028
GASIOR, Deceased, )
                                )
       Plaintiff, )
                                  )
       vs. )
                                    )
ALBERT C. PARULIS, M.D.; SYED R. )
GILANI, M.D.; UPMC a/k/a UNIVERSITY )
OF PITTSBURGH MEDICAL CENTER; )
UPMC BRADDOCK, a/k/a UNIVERSITY )
OF PITTSBURGH MEDICAL CENTER- )
BRADDOCK; UPMC EMERGENCY )
MEDICINE, INC., d/b/a EMERGENCY )
RESOURCE MANAGEMENT, INC.; and )
UPMC PRESBYTERIAN SHADYSIDE, )
a/k/a/ UPMC SHADYSIDE, )
                                  )
       Defendants. )

## MEMORANDUM

FOLINO, J.

Plaintiff has appealed from my Order of April 6, 2016 that dismissed the instant action with prejudice.

### I.

On April 6, 2016, while I was sitting in my capacity as Calendar Control Judge,[1] Defendant presented to me a "Motion to Dismiss," requesting that I dismiss the instant action for numerous reasons set forth in the Motion. After studying the Motion, and listening to argument in support of the Motion by counsel for Defendant, I signed the proposed Order and dismissed the action. I further noted on the Order that no one appeared on behalf of Plaintiff to oppose the Motion.

---

[1] Pursuant to Allegheny County Local Rule 208.3(a)(3), motions in any case that has been listed for trial on a published trial list shall be presented to the Calendar Control Judge.

1

Calendar Control motions are heard at 9:30 a.m. on dates set forth on a previously published schedule. I never know how many motions will be presented to me on any particular day as the local rules do not require the moving parties to notify the Court ahead of time; the rules simply require the moving parties to provide opposing parties ten days advance notice of the intended presentation.

On this particular day, April 6, 2016, I heard all of the motions that all of the parties in Allegheny County had scheduled to present before me that day, and then I adjourned motions court and retired to chambers to do other work. Sometime later that morning, I was advised by a member of my staff that Plaintiff's attorney, Marianne F. Gasior, had now arrived to oppose one of the motions that had been presented to me earlier.

My law clerk advised me that he had checked the courtroom and the adjoining hallways to see if the opposing attorney (Defendants' attorney) might still be present, but he was nowhere to be found. I told my staff person to please inform Plaintiff's counsel that she had missed motions court, and that I had already signed an order in the case.

Thereafter, Plaintiff never scheduled a motion for reconsideration before me, but approximately one month later (on May 6, 2016) filed an appeal to the Superior Court of Pennsylvania. I then entered an Order dated May 10, 2016, directing Plaintiff to file a Concise Statement of Matters Complained of on Appeal. On May 31, 2016, Plaintiff then filed her Statement of Matters; there she sets forth three categories of errors.

Plaintiff's first assignment of error is: "I. Defendants Motion to Dismiss was in fact opposed by Plaintiff."

In support of this assignment of error, Plaintiff argues that "this court erred when it declared Defendant's Motion to Dismiss was 'not opposed,' since Plaintiff's counsel was present in the courtroom on April 6, 2016 to oppose the motion while Defendant's counsel was still in the courtroom, having arrived only a few minutes late due to a family medical emergency, and the court reporter had not yet arrived."

2

There are several responses to Plaintiff's argument. First it is factually incorrect in every material respect. The reason I wrote "not opposed" on my Order was because no one appeared to oppose the motion when it was called for argument. Plaintiff's counsel was not in the courtroom at any time during the period when motions court was in session on April 6, 2016. She was not present when her case was called for argument, and she was not present when any of the other cases presented that day were called for argument. She did not arrive until after motions court had been adjourned and I had retired to chambers to attend to other cases.

Furthermore, Defendant's counsel was not present in the courtroom when Plaintiff presented herself on April 6, 2016. In fact, my law clerk checked the courtroom and the surrounding hallways outside the courtroom. But counsel for Defendant was, understandably, nowhere to be found as motions court had been adjourned and I was no longer on the bench.

Of course, I have no knowledge of Plaintiff's family emergency that delayed her. However, she never informed us of any emergency. Had she called my chambers prior to motions court and advised my staff that she was running approximately one-half hour late,[2] we would have done everything feasible to accommodate her.

Further, Plaintiff's statement stated that "the court reporter had not yet arrived" is also incorrect in that it implies that a court reporter later arrived to transcribe motions court arguments. No court reporter later arrived. The Court does not transcribe motions court arguments as no testimony is taken and no evidence is presented. Of course any party may arrange to have a court reporter present at any court proceeding (such as an argument or conference) but no party had arranged for a court reporter on April 6, 2016; thus, no court reporter ever arrived to transcribe motions court arguments.

Paragraphs 5 and 6 of Plaintiff's Concise Statement are incorrect as they seem to imply that I was still on the bench and that motions court was still in session when Plaintiff's counsel

---

[2] Plaintiff states at paragraph 4 of her Statement of Matters that she filed her Response in Opposition on April 6, 2016 at 9:53 a.m.

arrived for court. As noted above, motions court had concluded, I was in my chambers, and opposing counsel was no longer available.

## II.

Plaintiff's second assignment of error is that "the Trial Court had a Conflict of Interest." This assignment of error is directed, for the most part, at the Honorable Christine A. Ward of this Court, and an Order she entered on February 19, 2016.

As I was scheduled to be on vacation the latter part of February 2016, I had arranged for Judge Ward to hear Calendar Control motions on February 19, 2016 and February 22, 2016, so that Allegheny County litigants would not have to wait until I returned from vacation to have their motions argued. This schedule was published in the Pittsburgh Legal Journal, twice a week, beginning on January 18, 2016, and was also set forth on the Allegheny County Common Pleas Court web site, and on the bulletin board outside my courtroom.

Plaintiff argues that I erred when I "permitted Judge Ward to substitute for [me] as Calendar Control Judge in this matter, since Judge Ward had significant conflicts of interest." There are several responses to this. First, Plaintiff seems to imply that Judge Ward should have recused herself, yet there is no indication on the docket that Plaintiff ever requested recusal. Second, while Plaintiff appears to be unhappy with Judge Ward's Order of February 19, 2016, Plaintiff has not appealed from that Order.

Moreover, it was not error for me to assign another judge to hear motions in my absence. Indeed, it is one of my duties as Administrative Judge of the Civil Division. (*See* Local Rule 1, "Each Division of the Court is managed by an Administrative Judge who is appointed by the Supreme Court of Pennsylvania.")

In early January 2016, I arranged for Judge Ward to sit as Calendar Control Judge on February 19, 2016 and February 22, 2016, I obviously had no idea what motions might be brought before her. If Plaintiff believed Judge Ward had a conflict, Plaintiff should have requested recusal.

4

Plaintiff's remaining arguments set forth at paragraphs 7 thru 10 of her Statement of Matters are difficult to understand. Plaintiff seems to imply that Judge Ward erred in failing to recuse herself, yet I see no indication on the court docket that Plaintiff even made such a request of Judge Ward.

Plaintiff's third and final assignment of error is: "The trial court demonstrated bias and abused its discretion."

In support of this assignment, Plaintiff first argues, at paragraph 16, that "the trial court erred in refusing to allow Plaintiff's counsel to file her response in opposition a few minutes late." I do not understand what Plaintiff is talking about here. First, court papers are not "filed" with the Calendar Control Judge, they are filed with the Department of Court Records, which maintains the Civil Division filings. Second, I never "refused to allow" Plaintiff to file her court paper. In fact, as noted above, when Plaintiff's counsel arrived, I was no longer on the bench, as motions court had been adjourned. Third, Plaintiff did, in fact, file her court papers. As Plaintiff herself notes, the Department of Court Records stamped the Response in Opposition as filed on April 6, 2016 at 9:53 a.m.

Finally, Plaintiff argues at paragraphs 11 and 12 of her Statement of Matters that I erred in "permitting Defendant's counsel to file their Pre-Trial Statement approximately one-year late." Once again, it is very difficult to understand Plaintiff's argument. First, I did not sign any such order permitting Defendant to file a one-year late Pre-Trial Statement. Second, if Plaintiff is implying that I should have struck Defendant's Pre-Trial Statement, Plaintiff never presented such a motion to strike. Third, Plaintiff does not say how she was prejudiced by any late filing (if it was late). Fourth, I do not see how a late-filed pre-trial statement relates in any way to my Order granting Defendant's Motion to Dismiss, the Order of April 6, 2016, that is the subject of Plaintiff's instant appeal.

For these reasons, it is respectfully submitted that my Order of April 6, 2016 should be affirmed.

5