IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sallah Abdulla, :
                Appellant :
                :
         v. :
                :
City of Philadelphia and : No. 118 C.D. 2024
Selina, Inc. : Submitted: November 7, 2024


BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                          FILED: December 11, 2024


       Sallah Abdulla (Abdulla), *pro se*, appeals from the Philadelphia County Common Pleas Court's (trial court) August 10, 2023 order dismissing his *pro se* complaint (Complaint) as frivolous, pursuant to Pennsylvania Rule of Civil Procedure (Rule) 240(j)(1), Pa.R.Civ.P. 240(j)(1). There are two issues for this Court's review: (1) whether this Court should quash Abdulla's brief; and (2) whether the trial court properly dismissed Abdulla's Complaint as frivolous. After review, this Court affirms.

       On July 20, 2023, Abdulla filed the Complaint against the City of Philadelphia (City) and Selina, Inc. (Selina), Abdulla's former landlord and owner of real property at 1528 Mascher Street in the City (Property). Abdulla contemporaneously filed a Petition to Proceed *In Forma Pauperis* (IFP Petition). In the Complaint, Abdulla sought declaratory judgment from the trial court against the

City and Selina. Specifically, Abdulla requested a declaration that the City illegally backdated the rental and limited lodging operator licenses issued to Selina for the Property from March 1, 2019 through June 13, 2023, so that the Property was not a legally operated Airbnb. Abdulla alleged that he was a tenant at the Property from June 2020 through October 2021. Abdulla stated that he contacted the City by July 7, 2023 email captioned *Inquiry about Possible Falsification of Licensure*. In the Complaint and in the email, Abdulla stated that he needed the Property's license information for another pending case he has against Selina. Abdulla further averred that the City instructed Abdulla to submit a Right-to-Know Law[1] (RTKL) request to the City's Department of Licenses and Inspections (L&I) or obtain a subpoena for the records he desired.

Abdulla contends in the Complaint that making a RTKL request or obtaining a subpoena for the relevant records was not appropriate as he was disputing the Property's licenses for the period he rented the Property. Abdulla also attached as exhibits to the Complaint a printout indicating that the Property had three unidentified violations in 2022 and 2023, and a printout reflecting that the Property had an active rental license through February 29, 2024. On August 8, 2023, after reviewing Abdulla's IFP Petition and the Complaint, the trial court concluded that the Complaint failed to state a claim upon which relief could be granted and dismissed the Complaint pursuant to Rule 240(j)(1).[2] Abdulla appealed from the

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

[2] Rule 240(j)(1) provides:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

trial court's order.

Preliminarily, the City asserts that this Court should quash Abdulla's brief for failing to comply with the Pennsylvania Rules of Appellate Procedure (Appellate Rule(s)). Specifically, the City contends that Abdulla's brief does not contain a table of contents or citations,[3] a statement of the questions involved,[4] a statement of the scope and standard of review,[5] or a summary of the argument.[6]

This Court has observed:

> [E]arly on in this Commonwealth's legal history, the [Pennsylvania] Supreme Court began promulgating rules of procedure consistent with the Pennsylvania Constitution. [PA. CONST.] art. V, § 10(c). The fact that [a party] decide[s] to be h[is] own lawyer does not excuse h[im] from failing to follow the [R]ules . . . and/or [the A]ppellate [Rules]. "The right of self-representation is not a license . . . not to comply with relevant rules of procedure and substantive law." *Faretta v. California*, 422 U.S. 806, 834 n.6 . . . (1975). Our Supreme Court in *Peters Creek Sanitary Authority v. Welch*, . . . 681 A.2d 167, 170 [n.5] ([Pa.] 1996) [], again enunciated its position as to *pro se* litigants citing *Vann v. Unemployment Compensation Board of Review*, . . . 494 A.2d 1081 ([Pa.] 1985) (*pro se* litigant must to some extent assume the risk that his lack of legal training will prove his undoing); *Commonwealth v. Abu-Jamal*, . . . 555 A.2d 846, 852 ([Pa.] 1989) (*pro se* litigant "is subject to the same rules of procedure as is a counseled defendant; he has no greater right to be heard than he would have if he were represented by an attorney"[)] and finally, *Jones v. Rudenstein*, . . . 585 A.2d

---

*Note:* A frivolous action or proceeding has been defined as one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319 . . . (1989).

Pa.R.Civ.P. 240(j)(1); *see also Jones v. Doe*, 126 A.3d 406 (Pa. Cmwlth. 2015).

[3] *See* Appellate Rule 2174.

[4] *See* Appellate Rules 2111(a)(4) and 2116.

[5] *See* Appellate Rule 2111(a)(3).

[6] *See* Appellate Rules 2111(a)(6) and 2118.

520 [(Pa. Super. 1991)] (*pro se* litigant not absolved of complying with procedural rules).

*Green v. Harmony House N. 15th St. Hous. Ass'n, Inc.*, 684 A.2d 1112, 1114-1115, (Pa. Cmwlth. 1996).

Further,

> "[t]his Court has held that any party to an appeal before [it] who fails to strictly comply with all provisions of the [Appellate Rules] . . . is in peril of having its appeal dismissed; nevertheless, th[is] Court will consider the defect and whether meaningful review has been precluded." *Union Twp. v. Ethan Michael, Inc.*, 979 A.2d 431, 436 (Pa. Cmwlth. 2009). Thus, this Court may waive even "egregious violations" of the [A]ppellate [R]ules when the errors "do not substantially interfere with our review of the appellate record." *Seltzer v. Dep't of Educ.*, 782 A.2d 48, 53 (Pa. Cmwlth. 2001). This Court has deemed meaningful review of the merits possible when it could discern a *pro se* appellant's argument, or where the interests of justice require it. Moreover, we can limit our review to those cognizable arguments we can glean despite the brief's noncompliance.

*Richardson v. Pa. Ins. Dep't*, 54 A.3d 420, 426 (Pa. Cmwlth. 2012) (italics added; citations omitted).

Here, Abdulla did not include a Statement of Questions Involved as required by Appellate Rule 2116.

> Generally, the failure to include such a statement would result in a waiver of all claims on appeal. *See In re Est*[.] *of Ryerss*, 987 A.2d 1231, 1236 n.7 (Pa. Cmwlth. 2009) (holding that issues not stated in the statement of questions presented or fairly suggested thereby will be deemed waived by this Court under [Appellate Rule] 2116(a)).[7]

---

[7] *See also Dunn v. Bd. of Prop. Assessment, Appeals & Rev. of Allegheny Cnty.*, 877 A.2d 504 (Pa. Cmwlth. 2005), *aff'd*, 936 A.2d 487 (Pa. 2007).

*Everett v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth. No. 1398 C.D. 2011, filed Aug. 9, 2012), slip op. at 4 n.3.[8]

Notwithstanding, under the heading *Memorandum of Law and Brief in Support*, Abdulla summarizes his issues as follows:

> In the following memorandum, I am going to show that the trial [c]ourt committed an error in law when dismissing this action pursuant to [R]ule 240(j)(1) for failure to state a claim upon which relief can be granted (*demurrer*) within the same framework of [R]ule 1028(a)(4) [(relating to preliminary objections)]. **The trial [c]ourt misconstrued the standard based on which the [R]ule is modelled and thus wrongly equated the standard for failure to state a claim under Rule 1028(a)(4) with the more lenient standard for frivolousness under [Rule] 240(j)(1), which permits dismissal only if a petitioner cannot make any rational argument in law or fact entitling him to relief**.
>
> Nevertheless, even if we were to assume that the trial [c]ourt correctly equated the two standards, in this **memorandum I will show that this [C]omplaint properly raises [an] actionable claim under [the] Pennsylvania Declaratory Judgment[s] Act [(Act)].**[9]

Abdulla Br. at 4 (bold emphasis added). Based on this Court's review, Abdulla's overview and his brief's other contents permit this Court to conduct a meaningful review of Abdulla's challenges to the trial court's order despite the omitted table of contents and citations, statement of the standard and scope of review, and summary of argument. Thus, this Court shall construe the issues Abdulla raises as: (1) whether the trial court erred by "dismissing this action pursuant to [R]ule 240(j)(1) for failure to state a claim upon which relief can be granted (demurrer) within the same

---

[8] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported panel decision of this Court issued after January 15, 2008, may be cited for its persuasive value, but not as binding precedent. *Everett* is cited for its persuasive value.

[9] 42 Pa.C.S. §§ 7531-7541.

framework of [R]ule 1028(a)(4)[;]"[10] and (2) whether the trial court erred by holding that Abdulla failed in the Complaint to "raise[] an actionable claim under the . . . Act." Abdulla Br. at 4.

Abdulla first argues that the trial court erred because "[t]he clear language of Rule 240(j)(1) does not authorize such **dismissal for failure to state a claim upon which relief can be granted** . . . . It rather gives discretion to the [trial c]ourt to dismiss **frivolous** cases." Abdulla Br. at 5 (emphasis added).

Rule 240(j)(1) permits a trial court, prior to ruling on an IFP request, to dismiss an action if the court determines that the action is frivolous. This Court has explained that "[a] frivolous action is one that 'lacks an arguable basis either in law or in fact.' Pa.R.C[iv.]P. []240(j)(1), Note (citation omitted). An action is frivolous under [Rule] []240(j)(1), if, on its face, it does not set forth a valid cause of action." *Jones v. Doe*, 126 A.3d 406, 408 (Pa. Cmwlth. 2015); *see also Lichtman v. Glazer*, 111 A.3d 1225, 1229 (Pa. Cmwlth. 2015) ("[The a]ppellant **has not identified any facts or circumstances upon which relief could be granted**, and, **therefore**, **the trial court properly dismissed the action as frivolous** under Rule 240(j)(1).") (emphasis added); *Bell v. Mayview State Hosp.*, 853 A.2d 1058 (Pa. Super. 2004). Here, the trial court did not err by dismissing this action pursuant to Rule 240(j)(1) for failure to state a claim upon which relief can be granted (demurrer), as there is no merit to Abdulla's attempt to distinguish a litigant's failure to set forth a claim upon which relief can be granted and frivolousness under Rule 240(j)(1).

Abdulla next argues that the trial court erred by holding that he failed in the Complaint to raise an actionable claim under the Act.

Section 7532 of the Act provides:

> Courts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal

---

[10] The trial court did not reference Rule 1028(a)(4) in its opinion.

relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree.

42 Pa.C.S. § 7532. Although Abdulla does not identify an applicable section of the Act, this Court observes that Section 7533 of the Act states:

Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise, and obtain a declaration of rights, status, or other legal relations thereunder.

42 Pa.C.S. § 7533.

The Pennsylvania Supreme Court has explained:

[T]he . . . Act . . . IS REMEDIAL IN nature and affords a broad basis for relief. As a general proposition, a party may obtain a declaration of existing legal rights, duties, or status of parties by filing a petition pursuant to the . . . Act. Furthermore, the purpose of the . . . Act is to "settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and is to be liberally construed and administered." [Section 7541(a) of the Act,] 42 Pa.C.S.[] § 7541(a). Significantly, the statute specifically warns that the availability of declaratory relief shall not be limited by the provisions of [Section 1504 of the Statutory Construction Act of 1972,] 1 Pa.C.S.[] § 1504 (relating to statutory remedies as preferred over common law). [Section 7541(b) of the Act,] 42 Pa.C.S.[] § 7541(b). Indeed, [the Pennsylvania Supreme] Court noted as early as 1925 that the enactment was designed to curb the courts' tendency to limit the availability of judicial relief to only cases where an actual wrong has been done or is imminent. *Kariher's Pet*[.], . . . 131 A. 265, 268 ([Pa.] 1925).

While the right to relief under the . . . Act is broad, there are certain limitations upon a court's ability to make a declaration of rights. Generally, **our judicial system requires a real or actual controversy before it will embrace a matter for review and disposition**. [Our Supreme] Court has noted, however, that, while we do not have a constitutional case or controversy requirement, as found in our federal system, "[s]everal discrete doctrines - including standing, ripeness, and mootness - have evolved to give body to the general notions of case or controversy and justiciability." *Rendell v. Pa. State Ethics Comm'n*, . . . 983 A.2d 708, 717 ([Pa.] 2009) . . . .

*Bayada Nurses, Inc. v. Dep't of Lab. & Indus.*, 8 A.3d 866, 874 (Pa. 2010) (emphasis added; citations and footnotes omitted).

The *Bayada Nurses* Court expounded:

The doctrine of ripeness, at issue in this matter, is a judicially-created principle which mandates the presence of an actual controversy. When determining whether a matter is ripe for judicial review, courts "generally consider whether the issues are adequately developed and the hardships that the parties will suffer if review is delayed." *Twp. of Derry* [*v. Pa. Dep't of Lab. & Indus.*,] 932 A.2d [56,] 60 [(Pa. 2007)]. In the context of administrative law, the basic rationale of ripeness is to prevent the courts, through the avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and to protect state agencies from judicial interference until an administrative decision has been formalized and its efforts felt in a concrete way by the challenging parties.

Related to the doctrine of ripeness, but distinct therefrom, is the requirement of exhaustion of administrative remedies. While ripeness arises from a concern not to become involved in abstract disputes, exhaustion is concerned with agency autonomy, and the desire that parties resort to the administrative process so as to ensure that agency decision making is not unduly disrupted. Thus, as a general proposition, litigants are required to exhaust adequate and available administrative remedies prior to resorting to judicial remedies.

*Bayada Nurses, Inc.*, 8 A.3d at 874-75 (citations omitted).

> Here, the trial court reasoned:

> [T]he trial court properly dismissed Abdulla's [C]omplaint because there is no case or controversy ripe for judicial determination. Abdulla's [C]omplaint alleges that rental and limited lodging operator licenses issued by the City to S[e]lina were illegally backdated. [] Abdulla's [C]omplaint fails to set forth a claim for clarification of legal rights, status, and other legal relations because [Abdulla] requested public information readily available through the City. As set forth in the exhibits attached to [] Abdulla's [C]omplaint, the City responded to [Abdulla's] email less than two hours later with guidance on how to obtain the records [Abdulla] averred were needed for [Abdulla's] other matter.

> [] Abdulla's [C]omplaint claims that S[e]lina was issued violations by L&I in 2022 and 2023, and alleges that these alleged unidentified violations justify an immediate reversal of the licenses because they violate unnamed rules and regulations. [] **Abdulla fails to set forth how or why the unidentified violations demand a declaratory judgment requiring immediate judicial determination of a legal right affecting [him]. The alleged violations pled by [] Abdulla occurred after [his] tenancy at the [P]roperty had concluded**. The rental and limited lodging operator licenses are public records that [Abdulla] can obtain. According to [Abdulla's] [C]omplaint, [he] did not make efforts to obtain these records after receiving the City's response and instead filed [the C]omplaint.

Trial Ct. Op. at 3-4 (emphasis added).

This Court agrees with the trial court. The Complaint fails to state any "real or actual controversy[,]" *Bayada Nurses*, 8 A.3d at 874, based on Abdulla's "rights, status, and other legal relations." 42 Pa.C.S. § 7532. As the trial court observed, the documents Abdulla sought from the City are public records and the City provided Abdulla guidance on how to obtain them. Abdulla declined to "resort to the administrative process" and failed to "exhaust adequate and available

administrative remedies prior to resorting to judicial remedies [to] obtain the records." *Bayada*, 8 A.3d at 875. Accordingly, the trial court properly held that Abdulla failed to raise an actionable claim in the Complaint under the Act.

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sallah Abdulla,            :
          Appellant       :
                        :
          v.            :
                        :
City of Philadelphia and      :    No. 118 C.D. 2024
Selina, Inc.                  :

## O R D E R

AND NOW, this 11th day of December, 2024, the Philadelphia County Common Pleas Court's August 10, 2023 order is affirmed.

_____
ANNE E. COVEY, Judge